## ABLON v. KING et al.   (No. 291.) *

(Court of Civil Appeals of Texas. Waco. Dec. 10, 1925. Rehearing Denied Jan. 14, 1926.)

**1. Partnership ⊜⇒55—Finding that defendants were partners, that one of them so represented, and that plaintiffs relied on such representation in shipping goods to firm, held supported by evidence.**

Evidence *held* sufficient to support findings that defendants were partners, that one of them so represented, and that plaintiffs relied on such representations in making shipment to firm.

**2. Appeal and error ⊜⇒1040(15)—Allegations of supplemental petition, attacked as insufficient, held immaterial, in view of jury's finding of fact alleged in first amended original petition.**

Allegations of supplemental petition, sufficiency of which was challenged, that, defendant having represented that he was partner, and plaintiffs having relied on such representations in shipping turkeys to firm, defendant was liable as partner, whether in fact such or not, *held* immaterial, in view of jury's finding that he was a partner, as alleged in first amended original petition, on which trial was had.

**3. Limitation of actions ⊜⇒127(4)—Supplemental petition held not to state new cause of action barred by statute.**

Supplemental petition, alleging that defendant, if not a partner, as alleged in first amended original petition, filed within two-year period of limitation, was liable as such to plaintiffs because of having held himself out to them as partner, did not state new cause of action barred by statute.

**4. Appeal and error ⊜⇒1062(1)—Submission of special issues, presenting cause of action first pleaded by supplemental petition filed after expiration of limitations, held harmless.**

Error, if any, in submitting special issues, as presenting new cause of action first pleaded by supplemental petition, filed after expiration of period of limitation, alleging defendant's liability as partner because of having held himself out as such, *held* harmless, where jury found that he was partner, as alleged in first amended petition, filed within two-year period, and recovery was had thereunder.

⊜⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error dismissed for want of jurisdiction March 3, 1926.

**5. Partnership ☞64—Liability of one representing to seller that he was partner not affected by recording of assumed name certificate reciting that another was sole owner of firm.**

A certified copy of assumed name certificate is only presumptive evidence of truth of recitals therein, under Rev. St. 1925, art. 5926, and such presumption may be rebutted by other evidence, recording of certificate, reciting that holder was sole owner of firm named, does not affect the liability of another to seller making shipments to firm in reliance on latter's representation that he was partner.

**6. Judgment ☞700 — Not res judicata of issues in subsequent suit against judgment debtor and another, not party to original suit, as partner.**

Liability of partners being joint and several, judgment against one as individual, in suit to which other was not party, is not res judicata of all issues in subsequent suit against both as partners.

**7. Venue ☞17—Plea of privilege, after filing two answers to merits and motion for continuance, too late.**

Plea of privilege, filed after entering appearance by filing two answers to merits and motion for continuance, *held* too late, even if supplemental petition, filed during trial before plea was filed, had set up new cause of action.

**8. Appeal and error ☞930(3)—Court presumed to have found facts authorizing judgment rendered, in absence of request for submission of issue.**

In absence of request for submission of issue not submitted, it will be presumed that court found necessary data authorizing judgment rendered, if there is evidence in record so authorizing.

Appeal from District Court, McLennan County; Giles P. Lester, Judge.

Action by J. W. King and another against George Ablon and another. From a judgment against the named defendant, he appeals. Affirmed.

Grady Niblo, of Dallas, and Tirey & Tirey and W. L. Eason, all of Waco, for appellant. John B. Atkinson, of Waco, for appellees.

STANFORD, J. This suit was filed by J. W. King and W. E. Crews, partners, doing business at McGregor, Tex., under the firm name of Cass Produce Company, against Esir Ablon and George Ablon, alleged partnership during November, 1922, doing business at Fort Worth, Tex., under the firm name of the Globe Produce Company, to recover for certain shipments of turkeys made during November, 1922, by plaintiffs to defendants, amounting in the aggregate to about $2,500. In answer to four special issues submitted by the court, the jury found as follows: (1) That George Ablon and Esir Ablon were partners in November, 1922, in conducting the

Globe Produce Company; (2) that George Ablon did represent to W. E. Crews that he, the said George Ablon, and Esir Ablon were partners in the produce business in November, 1922; (3) that plaintiffs did rely upon said representations; (4) that plaintiffs would not have shipped said turkeys to the Globe Produce Company if George Ablon had not represented to the said W. E. Crews that he and Esir Ablon were partners. The trial court instructed a verdict in favor of Esir Ablon, and, upon the above findings of the jury and such findings of fact as the trial court, under the evidence, was warranted in making, he entered judgment in favor of plaintiffs J. W. King and W. E. Crews and against George Ablon for $2,606.12, from which judgment the said George Ablon has appealed. Other facts will be stated in connection with the assignments discussed.

Opinion.

Under several assignments appellant challenges the sufficiency of the evidence to sustain any one of the findings of the jury. We will make a general statement of the entire case as bearing not only upon the above assignments but others presented by appellant.

The record discloses that J. W. King and W. E. Crews were engaged in the produce business under the firm name of the Cass Produce Company in the fall of 1922, and had been so engaged for several years; that prior to said date George Ablon had been engaged in the produce business at Fort Worth under the name of the Globe Produce Company, and that appellees had in prior years had dealings with George Ablon, trading under the name of the Globe Produce Company; that is, they had shipped him produce, talked to him over the phone, etc. J. W. King testified, in substance, that about the 13th or 14th of November, 1922, when he returned from dinner to his place of business, appellant, George Ablon, was there in his place of business; that W. E. Crews introduced him to appellant, and he remarked an introduction was not necessary; that he had been shipping produce to appellant for several years; that appellant then told him about the big contract a New York friend of his had for turkeys and his ability to pay more for turkeys; and that appellant, George Ablon, asked him to ship him some turkeys, and he agreed to do so. Appellant said he "was out rustling turkeys for his big deal they were pulling off. I asked Mr. Ablon what about our money, and he said, 'Just draw drafts on us at Fort Worth with express receipts attached, and we will honor draft upon presentation.' * * * He offered us a bunch of his shipping tags to use, but I told him I had some of my own that I preferred to use. He had some Globe Produce Company shipping tags with him. I shipped these turkeys to the Globe Produce

Company solely upon the representation of George Ablon."

Appellee W. E. Crews testified that, when appellant, George Ablon, came into their place of business, "Mr. Ablon stated that he and his brother owned the Globe Produce Company, and that they had quite a batch of stuff through some New York firm that they had control of, and that they had gotten quite a block of it for Northern Texas and Southern Oklahoma, and he was going up and down the road to try to locate the turkeys, buying the turkeys." This witness testified further, in effect, that appellant made them a price "one to two cents better than we had; that for us to draw a draft on the Globe Produce Company with express receipts attached and they would be paid; that appellant had a lot of shipping tags and offered to leave us tags," etc. Another witness testified that about the same date appellant appeared at his place of business in Moody, some 10 miles south of McGregor, and tried to buy turkeys. Immediately after appellant was at appellee's place of business and made the agreement with them to ship turkeys to the Globe Produce Company, they began to buy and ship to said company; said shipments being made on November 17, 18, 19, and 20, 96 coops in all, amounting to some $2,250. As appellees made said shipments, they drew drafts on the Globe Produce Company, but did not attach express receipts to drafts, but deposited said drafts in their local bank as cash items. When said drafts began to be returned unpaid, appellee J. W. King went to Fort Worth and to the office of the Globe Produce Company, and found said company had received all the shipments made, but found said company had no stock of any kind on hand, and apparently no assets, except a small amount of fixtures of little value, and found no one in except the bookkeeper. After considerable time and effort he succeeded in getting Esir Ablon to come to their office, and, after considerable effort, late in the night he succeeded in getting Esir Ablon to give him a check on a Fort Worth bank for $2,000, with a promise to send appellees the balance in a day or so. He was unable to find appellant, George Ablon. Appellee King remained overnight in Fort Worth, and next morning presented his $2,000 check to the bank for payment, and was informed by the bank that the Globe Produce had only 17 cents to its credit, so the bank refused payment. Whereupon appellee King employed a lawyer, and, the county clerk's records of Tarrant county showing that Esir Ablon was doing business under the name of the Globe Produce Company, said attorney filed suit on appellees' claim against Esir Ablon, doing business under said trade-name, and sued out an attachment, and had same levied upon all the property of Esir Ablon and the Globe Produce Company that could be found, all valued at $50. Afterwards judgment was taken by default against Esir Ablon, who soon thereafter took the bankrupt law, and thus discharged his obligations; appellees receiving nothing. The appellees knew George Ablon had sold him produce before, but knew nothing about Esir Ablon.

This suit was afterwards filed in McLennan county by appellees against George and Esir Ablon, alleging they were partners doing business in the name of the Globe Produce Company at the time of the sale and delivery to them of said turkeys, and alleging the fraudulent conduct of said parties as a ground for maintaining the suit in this county. Appellant, George Ablon, filed a sworn answer, denying that he was a partner with his brother, Esir Ablon, at the time appellees sold and delivered the turkeys. Appellees, in reply to the answer of appellant, George Ablon, alleged that he was a member of said partnership at the time said turkeys were sold and delivered, and that, if he was not such partner, he represented to appellees that he and his brother, Esir, were partners, doing business under the name of the Globe Produce Company, and that appellees believed said representations so made by appellant, George Ablon, to them, and relied upon same, and were thereby induced to ship said turkeys to said concern, and that they would not otherwise have shipped said turkeys to the Globe Produce Company as they did, and that appellant, George Ablon, having so held himself out as a partner with Esir Ablon, and thereby deceived appellees and induced them to ship said turkeys to said concern, he (appellant) became liable, and is estopped to deny his liability, etc.

[1] At the close of the evidence, a judgment having been rendered in the Fort Worth case against Esir Ablon, and he having been discharged in bankruptcy, the court instructed a verdict in his favor, and submitted the case to the jury as to appellant, George Ablon, on four issues as above stated. Without undertaking to discuss the evidence or to set out all of it, we think what is stated above, including all the circumstances, is sufficient to support each of said four findings of the jury. We overrule these assignments.

[2] Under several other assignments, appellant complains of the action of the trial court in overruling his special exceptions 2, 3, 5, 5a, and 5b, all addressed to the sufficiency of appellees' supplemental petition. In their first amended original petition, upon which trial was had, appellees alleged all the essential elements of a partnership between George and Esir Ablon, alleging that they composed the firm of the Globe Produce Company, together with other allegations to the effect that said turkeys were sold and delivered to said firm, giving the quantity shipped and the price to be paid therefor, pleading a complete cause of action against George Ablon as an actual member of said firm, together with acts of fraud on the part of George Ablon as

a member of said firm, to the effect that said firm did not have contracts to sell turkeys in the East at a higher price, and did not intend to pay appellees' drafts as promised, but this was only intended to deceive appellees and get their turkeys without paying for them, etc., the fraud being pleaded as a basis for maintaining jurisdiction over said firm in McLennan county. The supplemental petition was filed in reply to the answer of appellant denying the partnership, and alleged in substance that, if appellant was not a partner, having represented to appellees that he was such partner, and they having believed and relied upon such representations, and thereby induced to ship the turkeys to said firm, that appellant was liable as a partner to them, whether he was in fact such or not. These five special exceptions addressed to the sufficiency of this supplemental petition point out no error, but, if they had done so, such error would have been immaterial and harmless, in view of the finding of the jury in answer to the first issue that George Ablon was in fact a partner, and, in view of this finding, the allegations of the supplemental petition became immaterial. We overrule these assignments.

[3, 4] By his twentieth assignment appellant contends the court erred in submitting special issues 2, 3, and 4, contending the cause of action therein presented is barred by the two-year statute of limitation, because pleaded for the first time by plaintiffs' supplemental petition filed March 20, 1925. In appellees' first amended original petition, which was filed within the two years, appellees sought a recovery against appellant as a member of the partnership. In the supplemental petition appellees alleged he was a member of said partnership, but alleged, if he was not, that by reason of his holding himself out to them as a partner, he was liable to them as such partner. Appellant's liability would be exactly the same, whether he was an actual partner, or was liable to appellees as such by reason of his representations to them that he was such partner. Turner v. Douglass, 77 Tex. 619, 14 S. W. 221; Baylor County v. Craig, 69 Tex. 330, 6 S. W. 305. The supplemental petition did not state a new cause of action, but, if there was error as contended by appellant, it was harmless, as the jury found appellant was an actual partner, and appellees' recovery was had under the allegations of their first amended petition, which was filed within the two-year period. We overrule this assignment.

[5] Under his twenty-first assignment, appellant claims that, as Esir Ablon filed his assumed name certificate in the county clerk's office of Tarrant county, reciting that he was the sole owner of the Globe Produce Company, appellant cannot be held as an actual or ostensible partner, and that the court erred in submitting special issues 2, 3, and 4,

intended to determine the question of appellant's liability by reason of his representations to appellees that he was a partner. Said certificate not being recorded in McLennan county, and the transactions involved in this suit having occurred in said county, we doubt if its being recorded in Tarrant county could have any effect on the issues involved. But, in any event, a certified copy of said certificate would be only presumptive evidence of the truth of the recitals therein contained (article 5926, Revised Statutes 1925), and such presumption, clearly, could be rebutted by other evidence, and we think the recording of said certificate could have no effect on the liability of appellant, if he represented to appellees that he was such partner and thereby induced them to make the shipments. But in no event could the giving of said special issues be prejudicial error, for the reasons heretofore stated. This assignment is overruled.

[6] Under his twenty-second assignment, appellant claims the judgment in the Tarrant county suit is res adjudicata of all the issues herein involved. The liability of partners is joint and several. Appellant, George Ablon, was not a party to the Tarrant county suit. We overrule this assignment.

[7] Under several assignments, appellant contends the trial court erred in overruling and not sustaining his plea of privilege. The record discloses that on December 5, 1924, appellant filed an answer to the merits of the cause, and on March 19, 1925, filed his motion for a continuance, and, upon same being overruled, appellant then filed his first amended original answer, and the court proceeded with the hearing, and during the trial appellee was permitted to file the supplemental petition heretofore referred to; whereupon appellant filed his plea of privilege. We think clearly appellant's plea of privilege came too late, and the same was properly overruled. The supplemental petition did not set up a new cause of action, but, if it had, we think this would not have entitled appellant to file a plea of privilege after having entered his appearance in said cause by filing two answers to the merits and a motion for continuance.

[8] Under several assignments, appellant contends the court erred in rendering judgment against appellant for $2,608.12, because there is no finding of the jury to support same, and because the court failed to submit to the jury the issues as to the value of the turkeys, etc. No issue as to the weight, value, or price of the turkeys was requested, and, this being true, and there being evidence in the record so authorizing, it will be presumed the court found the necessary data authorizing the judgment rendered.

We have considered all of appellant's assignments, and, finding no reversible error, overrule same and affirm the judgment of the trial court.