### EDWARDS v. PEARSON.  (No. 3228.)

Court of Civil Appeals of Texas.  Amarillo.
May 8, 1929.

Jeff D. Ayres and H. D. Payne, both of Floydada, for appellant.

W. D. Girand, of Lubbock, for appellee.

HALL, C. J.  The appellee, an attorney, filed this suit in the county court of Lubbock county, against the appellant, to recover $500 alleged to be due for services which appellee had rendered appellant's wife in filing a suit for divorce at her request.  The appellant and his wife had separated, and she left her home in Floyd county and went to Lubbock and entered into a written contract with appellee, which stipulated that appellee, as her attorney, should file suit for divorce and for a division of the community property, for which she agreed that appellee should have as his compensation 20 per cent. of the community property which might be set aside to her when the divorce was granted and the property divided between the husband and wife.  The contract further provided that if she did not prosecute said suit to a final judgment, but withdrew or dismissed it, that she would pay appellee a fee of $500.  The contract does not specifically make said sum payable in Lubbock county, where this suit was filed.  Mrs. Edwards was not made a party to this suit.

Edwards filed his plea of privilege to be sued in Floyd county, where he had his domicile.  The plea was controverted, and upon a hearing the court overruled the plea.

The plaintiff alleged the execution of the contract by Mrs. Edwards; that he filed a suit in Floyd county, praying for a divorce and a division of the community property, and further sought to set aside a certain deed which appellant had executed, conveying, one-third of the community property to his son, Henry Edwards, and further prayed for alimony pending a final hearing; that thereafter, and subsequent to a hearing upon the application for alimony, Mrs. Edwards abandoned her suit for divorce and renewed her marital relations with her husband; that the appellee's services, as rendered, were necessary to protect the interest of Mrs. Edwards in the community property and that such services were reasonably worth the sum of $500 as stipulated in the contract.  He further alleges that he advanced to Mrs. Edwards the sum of $40 out of his own personal funds for her support, pending the suit, and that he deposited with the clerk of the district court the sum of $10 in lieu of costs, and that said sums were also necessarily furnished the said Mrs. Edwards, because the appellant himself had failed and refused to provide for her support.  He prays for judgment in the sum of $500 attorney's fees, $40 maintenance and support, and $10 payment on the costs in the divorce suit.

The case is before us upon several propositions, which may be considered and disposed of together.

The contract between appellee and Mrs. Edwards for the payment of attorney's fees is not signed by appellant and, as stated, does not specifically provide that even Mrs. Edwards shall pay the $500 in the town of Lubbock.

R. S. art. 1995, provides: "No person who is an inhabitant of this State shall be sued out of the county in which he has his domicile except in the following cases."

Appellee contends that he is entitled to maintain his action in Lubbock county under subdivision 5, which is an exception to the general provision quoted above.  Subdivision 5 is: "*Contract in Writing.*—If a person has contracted in writing to perform an obligation in a particular county, suit may be brought either in such county or where the defendant has his domicile."

Subdivision 5 of article 1995 of the Revised Civil Statutes permits a suit to be maintained on a written obligation in the county where it is payable only as against the parties to the obligation.  Bolan et al. v. Wrather (Tex. Civ. App.) 239 S. W. 279.  Since the contract signed by Mrs. Edwards does not bind her to pay the $500 in Lubbock county, we incline to the opinion that appellee could not have maintained his suit against her in that county, even if the divorce had been granted.  For a stronger reason, he is not entitled to sue the appellant, who did not sign the writing.  The fact that she had the right to employ an attorney to represent her in fil-

ing an action for divorce against her husband, and the further fact that if the suit was filed in good faith, would render the husband liable for reasonable attorney's fees, would not, in view of this article of the statute, entitle appellee to sue the husband, who resided in Floyd county, in the courts of Lubbock county. The right of the defendant to be sued in the county of his domicile is a valuable right, and moreover, it is a personal right which he alone can assert or waive. In employing appellee to file the suit for divorce, Mrs. Edwards cannot be held.to have acted as the agent of her husband, and if it be admitted that the amount claimed in this suit is due for necessaries, this fact would not give appellee the right to sue appellant for the recovery thereof in a county other than that of his residence, since he neither signed the contract nor authorized her to do so. Bledsoe v. Barber (Tex. Civ. App.) 220 S. W. 369. The liability of appellant, if any, is upon a quantum meruit, and not upon the written contract, and therefore exception 5 of the statute is not applicable.

Appellee contends that because he briefed the divorce case in his office in Lubbock county and prepared the suit there for filing and trial in Floyd.county, part of the services were rendered in Lubbock county, which gives the courts of that county venue. This contention is without merit. The services rendered by him preliminary to filing the suit might have been as well rendered in Floyd county or in some other county or state. The suit itself was filed in Floyd county, but if it be admitted that the contention is sound, it has no force for the reason that appellant did not sign the writing.

For the reasons stated, the judgment is reversed, and the cause remanded with instructions to sustain the plea and transfer the action to the proper court of Floyd county.