FARRELL v. LAWRENCE et al.

No. 13422.

Court of Civil Appeals of Texas. Fort Worth.

Oct. 9, 1936.

Wm. M. Cramer, of Dallas, for appellant.

Rogers & Spurlock, of Fort Worth, for appellees.

BROWN, Justice.

Appellee Mrs. Lillie Lawrence filed a petition in the district court of Tarrant county, Tex., in which she joined her husband, John H. Lawrence, pro forma, complaining of appellant, Hunter T. Farrell, on a cause of action for slander uttered in Tarrant county, the alleged residence of Mr. and Mrs. Lawrence.

Farrell filed a statutory plea of privilege, setting up his residence in Collin county. He also filed a plea to the merits, which was made subject to his plea of privilege.

In answer to the plea of privilege, Mr. and Mrs. Lawrence, designating themselves as plaintiffs, filed a controverting plea, in which they set out the defamatory language used by Farrell; that the same was uttered and published in Tarrant county; and that the plaintiffs, and each of them, resided in Tarrant county.

On a hearing, a jury having been demanded, the cause was submitted to the jury by a charge containing four special issues. Upon consideration of same, the jury found: (1) That appellant uttered the defamatory words as charged; (2) that Mrs. Lawrence resided in Tarrant county at the time of the utterance of the defamatory language; (3) that Mr. Lawrence likewise resided there; (4) that appellant, Farrell, did not reside in Tarrant county. The trial court overruled the plea of privilege and the appeal is taken from this order and judgment.

Having requested a peremptory instruction at the close of the testimony, appellant presents one assignment of error; namely, that the trial court erred in overruling his motion for an instructed verdict.

We are of the opinion that, when a plea of privilege is before a trial court, nothing is involved at the hearing thereon except the issue of venue. It is definitely established that on the question of venue the only issues to be heard are those which affect the venue. In some instances this requires two trials involving the actual merits of the controversy. The instant case is such. But the fact remains that the only issues of fact before the trial court are those which bear upon the venue. Mr. Justice Speer, of this court, in an able opinion in the case of James Cornell

**392**

et al. v. Vivian L. Alderdice, 97 S.W.(2d) 387 (not yet published [in State report]), reviews the authorities.

■ Appellant in the instant suit contends that Mrs. Lawrence, having joined her husband pro forma in her petition, has presented a petition which is bad as against a general demurrer, and the contention is made that, if Mrs. Lawrence could not recover a judgment upon such a petition, when the cause is tried on its merits she could not make out a prima facie case sufficient to establish venue. We are unable to see any merit in this contention.

So far as the record in this case shows, the trial court has not had before it the original petition, and the controverting plea does not attempt to make the original petition a part of such plea, but the controverting plea is complete within itself and refers to the plaintiffs and is made for the plaintiffs, and contains nothing to indicate that Mr. Lawrence is joined pro forma. In fact, he does not join pro forma in the controverting plea.

■ As we view this case, appellant is asking this court to pass upon an issue which may be presented by appellant either in Tarrant county, if the plea of privilege is properly overruled and the cause goes to trial on its merits, or in Collin county, if the plea of privilege is sustained and the cause is transferred and goes to trial on its merits in Collin county. This we are not called upon to do, and we hold that the trial court was likewise not called upon to so do.

■ Appellant's general demurrer has not been called to the attention of the trial court, and, if same had been presented to such court before the plea of privilege was urged, appellant would have waived his plea of privilege. A mere want of necessary parties plaintiff could not, in our opinion, affect the issue of proper venue urged by a defendant.

The judgment of the trial court is affirmed.