### FEDERAL LAND BANK OF HOUSTON v. DOWNS.

### No. 10830.

Court of Civil Appeals of Texas. Galveston.

April 20, 1939.

Carl Runge, J. V. Wheat, and John M. Jamison, all of Houston, for appellant.

Brownlee & Brownlee, of Madisonville, for appellee.

CODY, Justice.

This is a plea of privilege case.

Appellant filed its petition in the district court of Harris County. The petition was one in usual form—except as hereinafter noted—to recover on a promissory note payable in Harris County, and to foreclose a deed of trust lien covering two tracts of land in Madison County, given by the maker of the promissory note to secure its payment. Various persons were made defendants by the petition, including M. S. Wells, the maker of the note and deed of trust sued on, and C. W. Cleghorn, Jr., who resides in Harris County and who assumed payment of a portion of the note sued on, and appellee and others. The petition contained this allegation with reference to all the defendants, inclusive of appellee, that they are "claiming some character of right, title or interest in and to the above described tracts of land, which claim (s) of right, title, or interest * * * are in all things inferior and subordinate to the deed of trust lien hereinbefore alleged, and

that said deed of trust lien in favor of this plaintiff (i. e., appellant), as herein alleged, is in all things a first and superior lien to any such claims of right, title or interest." The prayer of the petition after asking for judgment upon the note sued on as against certain of the defendants, but not inclusive of appellee, asked that the deed of trust lien be established as a good, valid and superior first lien on the property covered by the deed of trust, superior to the interest of all of the defendants, and further prayed for foreclosure of such lien so established. The prayer then continues, using this language: "and for judgment removing any cloud from the title of said land by reason of any claim of right, title or interest in and to said land asserted by any or either of the defendants herein." Except as noted, the prayer was in usual form for judgment upon the note sued on, and for foreclosure of the deed of trust lien securing its judgment.

Within due time for filing his plea of privilege, appellee filed the following:

"Now comes R. C. Downs, a defendant in the above entitled and numbered cause, and says that this court ought not to have or take further action or cognizance of this suit than to have the same transferred to the court having jurisdiction of the land described in plaintiff's petition; because

"This is a suit by plaintiff against this defendant for the recovery of land, and to remove incumbrance upon the title to land and to quiet the title to land, and to remove cloud from title to said land; That said land as alleged in plaintiff's petition is situated in Madison County, Texas, and no part of said land is situated in Harris County, Texas; And that no exception to exclusive venue in the county where such land lies as provided by law exists in this cause; That this suit does not come within any of the exceptions provided by law in such cases authorizing this suit to be brought or maintained outside the said County of Madison.

"Wherefore, defendant, R. C. Downs, prays the court that the above suit be transferred to the District Court of Madison County, Texas, and for such orders herein that may be proper and necessary."

It will be noted that the foregoing plea does not conform to the requirements of Article 2007, R.S.1925, so as to make the filing of it prima facie proof of a defend-

ant's right to change of venue. It fails to affirm that there is no exception to exclusive venue to be sued in the county of one's residence, as applied to appellee. Indeed, appellee does not ask that the cause be removed to the county of his own residence, which is San Augustine, but asks that it be removed to the county where the land is situated by force of Subdivision 14 of Article 1995, R.S.1925.

In its controverting affidavit appellant re-alleged the facts alleged in its petition, and that defendant C. W. Cleghorn, Jr., was a resident of Harris County, where the suit was filed, and that under the facts alleged appellee was properly suable in the foreclosure suit in Harris County, under subdivision 4 of the venue statute.

At the hearing on the plea of privilege, appellant introduced the deed of trust in evidence sought to be foreclosed, and which was executed by defendant M. S. Wells, and which states that it was given by Wells to secure the payment of the note sued on.

■■ We are unable to agree with the conclusion of the lower court that appellee showed any right to have the cause transferred to the district court of Madison County where the land is situated. The character of this suit, controlling the venue of it, is determined as a matter of law by the facts alleged in the petition. Roddy v. Herren, Tex.Civ.App., 125 S.W.2d 1057. So construing the allegations of this petition, we are impelled to hold that the primary, dominant and ultimate purpose of appellant's suit is to recover judgment on the note, and to foreclose the lien securing its payment. The prayer of the petition, insofar as it asked to remove cloud from title, was without any allegations of fact in the petition to support it, and must be regarded as incidental. Since we hold as a matter of law that the statement of facts contained in the petition failed to sustain appellee's contention that the suit was one to remove cloud from title, and hold further that such statement affirmatively disclosed that in its nature the suit is one to recover on a written promissory note payable in Harris County, and to fore-close a deed of trust securing its payment, we must hold that the court erred in ordering the case transferred, as to appellee, to Madison County.

■■ The removal of a suit by a defendant to the county of his residence is a privilege which, with certain exceptions, the law gives him, if seasonably claimed, but which, if not so claimed, is waived. If we should assume that in the present case the filing of appellee's plea, hereinabove copied, had the effect, prima facie, of establishing the right in him to have the cause removed to Madison County where he did not reside—and we do not rule on the point—the proof of the character of the suit from the allegations of the petition overcame such prima facie effect, and established that appellee had no such right to have the cause removed to Madison County. Where, then, a defendant has waived his privilege to have a cause removed to the county of his residence, and it has been affirmatively established that he is without any right to remove it to the county of his preference, we know of no statute, rule, or principle of law that would require the plaintiff to prove his right to hold the venue of the suit where it is pending, just as though the defendant had not waived his privilege to have the cause removed to the county of his residence.

It having been established that appellee was without right to have the cause removed to Madison County, and appellee having waived his privilege to have the cause removed to the county of his residence, if under the facts of this case he had any, it is unnecessary for us to pass on whether appellant proved up a cause of action against Cleghorn, Jr., who resides in Harris County, or to pass on whether appellee was a necessary party to the foreclosure suit.

The trial court should have overruled appellee's plea to remove the cause, as to him, to Madison County instead of sustaining it. Judgment of the trial court is reversed and rendered.

· Reversed and rendered.