SOUTHPORT PETROLEUM COMPANY ET AL V. MARTIN
G. CARTER ET AL.

No. 7960. Decided October 21, 1942.
(165 S. W., 2d Series, 85.)

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■

W. E. Tomlinson, Jr., of Dallas, and Smith, Smith & Boyd, of Beaumont, for appellants.

Gaston H. Wilder, Jr., and Geo. E. Holland, both of Beaumont, for appellee.

MR. JUDGE TAYLOR delivered the opinion of the Commission of Appeals, Section B.

This case is before us on certified questions. The following are the essential facts of the certificate: Martin G. Carter et al filed a suit for damages against two defendants, M. M. Travis, Inc., and Southport Petroleum Company. Both defendants in due course filed separate pleas of privilege, each to be sued in the county (Gregg) of its domicile. Motion to quash the citation served on the Petroleum Company was duly filed and sustained on June 19, 1941, the judgment on the motion reciting that "such citation be quashed at plaintiff's cost." The following day the Petroleum Company filed its plea of privilege to be sued in the county of its domicile. The trial court sustained plaintiff's exception to the plea and dismissed it. The hearing on the plea of the Petroleum Company's codefendant was thereupon postponed by agreement between the codefendant and plaintiff, and, so far as this record shows, the codefendant's plea is still pending on the trial court's docket.

The Court of Civil Appeals, upon original hearing, dismissed the Petroleum Company's appeal on the ground that it was premature, holding that when two or more defendants file separate pleas of privilege such pleas present but one ultimate issue, that of venue, and that for this reason there can be no final judgment in the trial court on such issue until all pleas of privilege are disposed of by that court. Upon rehearing Associate Justice Combs filed his dissent to the original opinion. Both the majority and the dissenting opinion accompany the certificate, which certifies the following questions:

## I.

"Is the majority of this court correct in holding that when two or more defendants file pleas of privilege, such pleas,

regardless of the number filed, present but one ultimate issue—that of venue, and hence there can be no final judgment or order, sufficient to support an appeal until all pleas of privilege are disposed of?

## II.

"In the case at bar, do we have jurisdiction of appellant's appeal from the judgment of the lower court dismissing its plea of privilege, on the affirmative showing in the transcript that the plea of privilege of appellant's codefendant, M. M. Travis, Inc., was postponed without prejudice until September 5, 1941, and there being no showing that the plea of privilege of M. M. Travis, Inc., has ever been adjudicated by the lower court?

## III.

"Where two or more defendants file separate pleas of privilege, does the Court of Civil Appeals have jurisdiction of the appeal of one of the defendants from the judgment of the lower court overruling his plea of privilege, on the affirmative showing in the transcript that the pleas of privilege of his codefendants remain on the docket of the lower court undisposed of?"

■■ The holding of the original opinion has already been stated. The holding of the majority opinion, without stating what the answer to each question separately should be, is to the effect that the Petroleum Company's appeal was properly before the Court for consideration upon its merits. We are in accord with that holding and that the questions should be answered to the effect that the trial court's judgment on each separate plea constitutes, under the provisions of Article 2008, R. C. S. 1925, and the other articles referred to in the minority opinion, an appealable judgment; and adopt the construction of the articles of the statutes discussed in the quoted portion (below) of the opinion, together with the reasons given therefor as follows:

"Article 1995, Vernon's Statutes, provides that 'no person who is an inhabitant of this state shall be sued out of the county in which he has his domicile,' except in the cases enumerated. The privilege so granted to a defendant to be sued in his home county is personal. He has the absolute right to claim it by filing his plea in accordance with the statute, regardless of whether his codefendant joins in the same plea, or files a sep-

arate plea, or whether he files any plea at all. By filing a plea of privilege a defendant imposes upon the court the duty of determining the matter of venue as to him. In city courts the times within which the plea must be controverted and the court must hear the plea are fixed by statute within a certain number of days from the filing of the plea, etc. Art. 2092, Sec. 14. If, upon the hearing, the trial court shall overrule the plea of privilege, the defendant has the absolute right to appeal from the order against him. Art. 2008. In such case the defendant is concerned alone with the order which the trial court entered on his own plea. He has no concern with nor control over the hearing on the plea of his codefendant, and is in no position to complain of any order which may be made with respect to it. In short the statute everywhere treats the matter of privilege as personal to each defendant entitled to claim it. And the right to urge it to final conclusion is likewise personal to each defendant. In a case where two or more defendants have different times within which to file their respective answers, it would be impossible to enforce the speedy action of the plea of one defendant provided by Art. 2092, Sec. 14, without violating a right granted the other defendant by said article, to have his plea heard at a later day by reason of the fact that he had a longer time within which to file his plea. Also, a codefendant, by agreeing with the plaintiff for postponement of the hearing on his own plea, as in the instant case, could delay the appeal of a defendant whose plea had been overruled, thus requiring him to keep in touch with the court in a distant county for an indefinite time in order to protect his right of appeal.

"It seems to me that consideration of these matters in view of the statute which grants to a defendant the valuable right to be sued in his own county leads to but one reasonable conclusion, and that is that such right is personal. The matter of venue raised by a plea of privilege, unlike the question of jurisdiction, does not pertain to the case or cause of action but to the person. Therefore the question posed by a defendant's plea of privilege is not the general issue as to venue of all defendants but venue as to him. The right to file such plea and prosecute it to final determination, including the right to appeal from an adverse judgment, is absolute. It in no wise depends upon what a codefendant may do or fail to do with respect to urging his own privilege, nor upon any order which the court may make with respect thereto."

We add to the foregoing that while the plea of privilege in the present case was tried under article 2092 (Sec. 14), the statute applicable in the present case, we perceive no reason why the conclusion reached is not applicable to all pleas of privilege, wherever tried.

The following, among other numerous authorities, in addition to the statutes above referred to, support the conclusion reached. Pool v. Pickett, 8 Texas 122; A. H. Belo Corp. v. Blanton, 133 Texas 391, 129 S. W. (2d) 619; Comer v Brown (Com. App.), 285 S. W. 307; Fenner & Beane v. Lincoln, 101 S. W. (2d) 305; Edwards v. Pearson, 17 S. W. (2d) 140.

Question number I should be answered "No" and numbers II and III, respectively, "Yes."

It will be noted that this is not a case in which one or more defendants had not been served with process at the time the plea of privilege was acted upon in the trial court.

Opinion adopted by the Supreme Court, October 21, 1942.