**GULF REFINING CO. v. NEEDHAM et al.**

No. 2813.

Court of Civil Appeals of Texas. Eastland.

Sept. 22, 1950.

Rehearing Denied Nov. 3, 1950.

Wagstaff, Harwell, Wagstaff & Alvis, Abilene, for appellant.

Frank Sparks, Eastland, J. M. Nuessle, Ranger, for appellees.

COLLINGS, Justice.

This is an appeal from an order sustaining a motion to strike and dismiss a plea of privilege. Appellees, Clara Wells Needham, a widow, individually and as guardian for her minor children, Linda Lou Needham, Weldon Needham and Jimmy Needham, and the Pacific Employers Insurance Company, a corporation, were plaintiffs in the original petition filed against appellant, Gulf Refining Company, a corporation, and were joined by appellees, Hugh S. Needham and wife, Julia Needham, as parties plaintiff in plaintiffs' first amended petition.

The case is before this court on an agreed statement of facts which is, in substance, as follows:

"The plaintiffs, with the exception of Hugh S. Needham and wife, Julia Needham, filed their original petition on April 1, 1949.

"Citation was issued on April 2, 1949 and was served on the defendant April 4, 1949 by serving R. G. Barry as agent.

"The defendant filed its motion to quash the purported citation and service of process on April 23, 1949 and on the same date, and subject to its motion to quash the citation, filed its plea of privilege.

"The above named plaintiffs filed an answer to defendant's motion to quash the citation on May 2, 1949 and on the same date, filed plaintiffs' controverting plea to defendant's plea of privilege. All of the above named plaintiffs joined in the controverting plea except Pacific Employers Insurance Company.

"The defendant's motion to quash the citation and service of process was sustained by the Court by order entered May 13, 1949.

"All of the plaintiffs, including Hugh S. Needham and wife, Julia Needham, filed their amended petition on May 21, 1949.

"Citation was issued on the amended petition on May 24, 1949 and the same was served on that date.

"The defendant in order to reach the new plaintiffs, filed a second plea of privilege on June 20, 1949.

"All of the plaintiffs filed a controverting plea on June 29, 1949.

"The pleas of privilege were by agreement of the parties set for hearing on January 6, 1950.

"On January 6, 1950, the plaintiffs filed a motion to strike and dismiss the defendant's pleas of privilege on the ground that the defendant had, prior to the hearing on the pleas of privilege, filed, urged and had the Court to pass upon the defendant's motion to quash the citation and service of process.

"The Court took plaintiffs' motion to strike and dismiss the defendant's pleas of privilege under consideration and at the same time, heard the evidence on the defendant's pleas of privilege and the plaintiffs' controverting pleas thereto. At the conclusion of the evidence, the Court took all of the matters under consideration and on the 23rd day of February, 1950, entered an order sustaining the plaintiffs' motion to strike and dismiss the defendant's pleas of privilege and entered an order dismissing same.

"Todd Needham, his wife and children, and the parents of Todd Needham, were all residents of Eastland County, Texas at

the time of the death of the said Todd Needham.

"Gulf Refining Company is a corporation incorporated under and by virtue of the laws of the State of Delaware, with a permit to do business in the State of Texas, and with its general office and place of business in the State of Texas, situated in Harris County, Texas.

"One of the plaintiffs, namely, Pacific Employers Insurance Company, is a corporation, duly incorporated, under and by virtue of the laws of the State of —— with a permit to do business in the State of Texas, and with its principal office and place of business situated in Harris County, Texas.

"The evidence introduced was insufficient to sustain plaintiffs' controverting pleas to the defendant's pleas of privilege to the effect that the defendant, Gulf Refining Company, had an agent and representative in Eastland County, Texas, upon the several dates alleged by the plaintiffs and such evidence failed to show that the defendant, Gulf Refining Company, had such an agent and representative in Eastland County, Texas, at the times of the dates in question as contemplated by law.

"This agreement shall constitute the original statement of facts herein.

"Witness our hands this 23rd day of February, 1950.

"J. M. Muessle
"Frank Sparks
"Attorneys for Plaintiffs
"Wagstaff, Harwell, Wagstaff & Alvis
"By: John H. Alvis
"Attorneys for Defendant."

"The above and foregoing, having been agreed to by the parties to the above entitled and numbered cause as the original statement of facts therein and having been examined by me and found to be correct, is, by me, approved and signed as the original statement of facts therein.

"In connection with the above, I wish to state that, after hearing the testimony adduced and after a careful study of the pleadings of the parties, including pleas of privilege filed by the defendant, plaintiffs' controverting answers to such pleas, the motion filed by the defendant to quash citation and service upon the defendant, the Court's order on said application, sustaining the same and quashing the service on the defendant, and plaintiffs' motion to strike the defendant's pleas of privilege, and after giving consideration to the oral argument of counsel and the written briefs submitted, I am of the opinion and find:

"(1) That the defendant, by filing its motion to quash citation and service of process in this cause, on April 23, 1949, and thereafter by presenting and urging the same before the Court before first presenting and urging its pleas of privilege in said cause, has waived its pleas of privilege under Supreme Court Rule 85, which became effective September 1, 1941 and that, therefore, the motion filed by the plaintiffs on the 6th day of January, 1950, to strike defendant's pleas of privilege should be sustained.

"(2) I find that the evidence is insufficient to sustain the plaintiffs' controverting pleas to the defendant's pleas of privilege on the theory that the defendant, Gulf Refining Company, had an agent in Eastland County upon the several dates alleged by the plaintiffs, and, but for the fact that I have found in Paragraph 1, hereof, that the defendant had waived its pleas of privilege, it would be my duty to sustain the pleas of privilege filed and urged by the defendant.'

"Signed this 23rd day of February, 1950.
"George L. Davenport
"Judge of the 91st District Court of Eastland County, Texas."

The order of the court dismissing appellant's plea of privilege recited:

" * * * that the defendant, by filing its motion to quash citation and service of process in this cause served upon it, and thereafter by presenting and urging such motion, and causing an order to be made and entered by this Court quashing such citation and service, before first presenting and urging its pleas of privilege filed herein, waived its said pleas of privilege now be-

**922**

fore the Court and the motion filed by the plaintiffs on the 6th day of January, 1950, to strike and dismiss the defendants' pleas of privilege should be sustained.

"The Court further finds that the evidence introduced was and is insufficient to sustain plaintiffs' controverting plea to the defendant's pleas of privilege to the effect that the defendant, Gulf Refining Company, had an agent and representative in Eastland County, Texas upon the several dates alleged by the plaintiffs, and that such evidence failed to show that the defendant, Gulf Oil Company, had such an agent and representative in Eastland County at the times of the dates in question as contemplated by law."

Defendant, Gulf Refining Company, a corporation, brings this appeal from the order of the court sustaining such motion to dismiss.

█ The question of this court's jurisdiction of the appeal has been raised. It is urged by appellees that the appeal is not from a "judgment sustaining or overruling" a plea of privilege permitted by Art. 2008, Vernon's Ann.Tex.Civ.Stat., but is an attempt to appeal from an interlocutory order. Appellees contend that such order sustaining their motion to strike and dismiss the plea of privilege because it had been waived is interlocutory and is not an order overruling the plea of privilege as required by the statute and that no appeal lies therefrom. We cannot agree with this contention. Although the order appealed from does not use the word "overruled" it effectually and finally disposed of the plea of privilege and in our opinion, had the effect of overruling such plea. The defendant's only remedy was to appeal. Leyendecker v. Harlow, Tex.Civ.App., 189 S. W.2d 706 (RWM); Pass v. Ray, Tex.Civ. App., 44 S.W.2d 470; Southport Petroleum Co. v. Carter, 139 Tex. 661, 165 S.W.2d 85.

Appellant, Gulf Refining Company, complains in its first point of the trial court's action in holding that the filing of its motion to quash citation and procuring the action of the court thereon had the effect of waiving its plea of privilege filed at the same time as and subject to the motion to quash, and contends that the court erred in dismissing the plea of privilege.

A determination of the question presented hinges upon the correctness of appellees' contention that Rule 85, Vernon's Tex. Rules of Civil Procedure is controlling and that such rule changed the order of pleading as previously provided in Rule 7 of the old Texas Rules of Procedure in such manner as to require a plea of privilege to be filed and heard prior to the filing and hearing of a motion to quash citation. The material portions of the two rules are as follows:

"Rule 7. Original Answer; Contents The original answer may consist of pleas to the jurisdiction, in abatement, of privilege * * *."

"Rule 85. Original Answer; Contents The original answer may consist of pleas of privilege, to the jurisdiction, in abatement, * * *."

In our opinion, the order in which the various types of pleadings which may be urged by a defendant are listed under the provisions of Rule 85 does not control the issue here under consideration. It was well settled prior to the adoption of Rule 85, that the question of whether a defendant was properly cited was required to be determined before a plea of privilege and that a plea of privilege was not waived by first filing and hearing a motion to quash. Texas & P. Ry. Co. v. Childs, Tex.Civ.App., 40 S.W. 41; Texas & P. Ry. Co. v. Lynch, Tex.Civ.App., 73 S.W. 65; Ramsey & Son v. Cook, Tex.Civ.App., 151 S.W. 346; Kelly v. A. B. Crouch Grain Co., Tex.Civ.App., 174 S.W. 630; Cooper v. Colorado & S. Ry. Co., Tex.Civ.App., 298 S.W. 612; Horton v. Lone Star Gas Co., Tex.Civ.App., 19 S. W.2d 617; Wilson v. Coleman, Tex.Civ. App., 125 S.W.2d 637.

Appellees contend that the above cases simply follow the due order of pleadings under old Rule 7 and that the order of pleading has been changed by Rule 85. It is to be noted, however, that the case of Benson v. Fulmore, Tex.Com.App., 269 S.W. 71, held that a plea in abatement alleging the pendency of a suit involving the same subject matter in another county was

not waived because not filed and heard before the filing and determination of a plea of privilege. The Benson case arose and was decided and approved by the Supreme Court when old Rule 7 was in effect in which pleas of privilege appeared third and after pleas in abatement. Prior to the adoption of Rule 85 the Benson holding was followed in the cases of Citizens' Nat. Bank of Waco v. Del Rio Bank & Trust Co., Tex.Civ.App., 11 S.W.2d 242, and Royal Petroleum Corporation, v. McCallum, 134 Tex. 543, 135 S.W.2d 958.

It is apparent, if the cases above cited are to be reconciled, that the determining factor in some of them was something other than the order in which various types of pleadings were listed in old Rule 7. It would appear that the controlling factor in the Benson case and the cases which followed it was the very nature of the right alleged and its basic relation to other pleadings. In that case the court stated: "There could certainly be no good purpose served in forcing a defendant to file a plea in a court until after it was determined whether that court would have the right to pass on the plea. We think the present plea of privilege law supersedes other laws and rules of order of pleading so far as they affect the plea of privilege, and that, after a defendant has been properly cited, he is next entitled to have his plea of privilege determined * * *." [269 S.W. 72.]

■ Under the laws and court rules of this state, a defendant is not required to answer and no judgment may be taken against him before issuance, service and return of citation for the time and in the manner provided, or until he has entered actual or constructive appearance. Rules 101, 106, 107 and 119 to 124 inclusive.

■ We feel that the court rules and the laws of this state regarding issuance, service and return of citation on a defendant supersede all other laws and rules of order of pleading, including pleas of privilege. The language of the Benson case indicated this to be the law by stating: "* * * after a defendant has been properly cited, he is next entitled to have his plea of privilege determined".

■ To paraphrase the language in the Benson case, there could certainly be no good purpose served in forcing a defendant to file a plea of privilege in a court until after it is determined that he was properly cited to appear therein and was thereby required to make some sort of answer. The only way to determine whether he was properly cited is to pass upon his motion to quash citation, which we believe, in its very nature, comes before any other pleading on his part even as a plea of privilege precedes all other pleadings except the motion to quash. In our opinion, appellant's contention that the trial court erred in striking and dismissing its plea of privilege is well taken.

Since the court erred in holding that appellant waived its plea of privilege the question arises as to whether the case should be remanded for further hearing or whether judgment should be rendered sustaining the plea. Appellant Gulf Refining Company, contends that since the trial court heard evidence on the plea of privilege and found that such evidence was insufficient to sustain appellees' controverting affidavit to the plea of privilege, that the court erred in not sustaining the plea. Appellant alleged in its plea of privilege that at all times material thereto it was not a resident of Eastland County, Texas, but was a foreign corporation incorporated under the laws of the State of Delaware with a permit to do business in Texas, with general offices and principal place of business in Harris County, Texas.

Appellees' controverting affidavit alleged that the plea of privilege should be denied because of alleged exceptions to exclusive venue in the county of one's residence as provided by the venue statute, Vernon's Ann.Civ.St. art. 1995, that is, that appellant had an agent in Eastland County and that venue existed therein under Subdivisions 23 and 27 of the statute. The court found that appellant, Gulf Refining Company, was a foreign corporation with general office and place of business in Harris County and that the evidence was insufficient to sustain the allegations of appellees' controverting affidavit.

924

The record indicates beyond question that the sole basis for the striking and dismissal of the plea of privilege after a full hearing was had on the plea as well as on the motion to strike and dismiss, was that appellant waived such plea by first filing and procuring the action of the court on the motion to quash. The record further shows and the court found that the evidence on the plea of privilege was such that it would have been the duty of the court to sustain the plea except for the finding that it has been waived. The trial court heard, passed upon, and made favorable findings on all fact questions necessary to the sustaining of appellant's plea of privilege. If the case should be remanded, no facts would need to be found to sustain the plea which have not already been found. The court erred in not sustaining appellant's plea of privilege and transferring the cause to the District Court of Harris County and, in our opinion, this court is authorized and has the duty to render that judgment which the trial court should have rendered. Rule 434, Texas Rules of Civil Procedure; Redgrave v. Wilkinson, Tex.Civ.App., 208 S. W.2d 150 (NRE); Powell v. Powell, Tex. Civ.App., 199 S.W.2d 285; Lone Star Gas Co., v. Kelly, Tex.Civ.App., 166 S.W.2d 191.

The judgment of the trial court striking and dismissing appellant's plea of privilege is reversed and judgment is here rendered sustaining such plea and ordering the case transferred to a District Court of Harris County, Texas.