### REED v. GARLINGTON et ux.
#### No. 2821.

Court of Civil Appeals of Texas. Eastland.
July 28, 1950.

On the Merits Sept. 22, 1950.

Thomas & Thomas, Big Spring, for appellant.

T. B. Coffield and Donald & Donald, all of Bowie, for appellees.

## PER CURIAM.

Appellees have filed a motion to dismiss this appeal on the ground that it is not an appeal from an order overruling or sustaining a plea of privilege, permitted by Article 2008, Vernon's Ann.Civ.St., but merely an attempt to appeal from an order striking out appellant's plea of privilege. The order appealed from recited that appellant had previously answered and, therefore, the plea of privilege had been waived and was not timely filed and that the motion to strike should be sustained "for such plea of privilege is without merit."

▮ Article 2008 provides that either party may appeal from a judgment sustaining or overruling a plea of privilege. Although the order appealed does not use the word "overruled" it had the effect of finally disposing of the plea of privilege. The effect of the order was to overrule the plea of privilege. Webster's Revised Unabridged Dictionary defines overruled thus: "(Law) To supersede, reject, annul or rule against." The order of the trial court certainly rejected and ruled against appellant's plea of privilege. Giving effect to substance rather than form, appellant's plea of privilege was overruled because the court found he had waived the right to assert such privilege by previously answering to the merits.

In Southport Petroleum Co. v. Carter, 139 Tex. 661, 165 S.W.2d 85, the Commission of Appeals in an opinion adopted by the Supreme Court assumed that a defendant had the right to appeal from an order "dismissing" his plea of privilege after sustaining plaintiff's exceptions thereto.

In Leyendecker v. Harlow, 189 S.W.2d 706 (R.W.M.), the trial court held a defendant had waived his right to assert a plea of privilege by filing an answer to the merits, and dismissed the plea of privilege. The Court of Civil Appeals held that such an order of dismissal was appealable and that defendant could not present such action as error on an appeal from a judgment on the merits.

In Pass v. Ray, Tex.Civ.App., 44 S.W.2d 470, a plea of privilege was dismissed because the trial court held defendant had waived it. The Court of Civil Appeals held that defendant had the right to appeal from the order dismissing his plea of privilege.

The motion to dismiss is overruled.

LONG, Justice.

### On the Merits

In June, 1948, J. S. Garlington and wife, Jennie Lou Garlington, instituted this suit in Howard County against N. H. Reed and A. L. Wasson in trespass to try title to four sections of land. Defendants filed a plea in abatement alleging that J. S. Garlington was a person of unsound mind and not competent to maintain the suit without a guardian ad litem or next friend. Also, at the same time, defendants filed a motion for costs, a plea of res judicata and an answer on the merits. Thereafter defendants filed a petition and bond for removal of the cause to the United States District Court. Before the cause was remanded to the state courts, defendants filed a pleading designated "Special Exceptions and Pleadings" in the state court. The cause was thereafter remanded from the United States District Court to the District Court of Howard County. After the filing of the various pleadings as above indicated, defendant Reed filed his plea of privilege to be sued in the county of his residence. Thereafter a hearing was had on plaintiff's motion to strike the plea of privilege and the court, after hearing evidence thereon, sustained said motion and struck said plea of privilege on the grounds that the same had been waived and was not timely filed. From this order Reed has appealed.

▮ There is no question but by the filing of the various pleadings, as shown by the record, the defendant Reed waived his plea of privilege and that the same was not timely filed. 43 Tex.Jur., page 791; Federal Land Bank v. Downs, Tex.Civ.App., 127 S.W.2d 952; Farrell v. Lawrence et al., Tex. Civ.App., 97 S.W.2d 391; Ablon v. King, Tex.Civ.App., 279 S.W. 563; Leyendecker v. Harlow, 189 S.W.2d 706.

The only point presented by the appellant is that the court erred in considering, over the objection of the appellant, the unwritten and unfiled motion to strike the plea of privilege. At the time of the hearing of the plea, counsel for plaintiffs dictated to the court reporter the motion to strike. This motion was never transcribed by the reporter and filed among the papers in the case. The motion is set out in the statement of facts. We are unauthorized to reverse this case because of the failure of plaintiffs to file a written motion to strike the plea of privilege. The failure of counsel to have the motion transcribed and filed among the papers, in our opinion, did not cause the rendition of an improper judgment or prevent appellant from properly presenting his case to the court. Appellant clearly waived his plea of privilege by not timely filing the same. The court entered the only proper judgment that could have been entered under the facts. Therefore, under the authority of Rule 434, Texas Rules of Civil Procedure, and Denbow v. Standard Accident Insurance Company, 143 Tex. 455, 186 S.W.2d 236; by our Supreme Court, appellant's point is overruled and the cause is affirmed.

The judgment of the trial court is affirmed.