KRAVCO, INC., Appellant,

v.

Robert D. BEASLEY, Appellee.

No. 5987.

Court of Civil Appeals of Texas,
Waco.

April 5, 1979.

Rehearing Denied May 17, 1979.

Richard L. Bourland, McGown, Godfrey, Decker, McMackin, Shipman & McClane, Fort Worth, for appellant.

C. Thomas Wesner, Jr., Wesner, Wylie & Pleasant, Dallas, for appellee.

## OPINION

McDONALD, Chief Justice.

This is a venue case. Appellee Beasley sued "KRAVCO, Inc." in Dallas County, for breach of a contract to lease him space in Ridgmor Mall, alleging KRAVCO, Inc., to be a foreign corporation upon which service would be had by serving the Secretary of State and the Secretary of State forwarding copy of the citation by registered mail "to the principal place of business of the corporation at 160 King Prussia Plaza, P.O. Box 135, King of Prussia, Pennsylvania".

The officer's return in the transcript reflects that KRAVCO, Inc. was served.

On October 25, 1976 a plea of privilege was filed reciting it was filed by "KRAV-CO, Inc." and stating it was not a resident of Dallas County, but was a resident of Tarrant County, and praying the "transfer of this cause to Tarrant County, Texas". The instrument was signed and sworn to by "Larry S. Trachtman" as Assistant Secretary of "KRAVCO, Inc."

"KRAVCO, Inc." subject to the plea of privilege filed an original answer.

Plaintiff Beasley filed controverting plea on January 11, 1977, alleging the suit may be maintained in Dallas County under the provisions of Subdivision 27, Article 1995.

On March 27, 1978 "KRAVCO, Inc." filed motion to strike plaintiff's controverting plea because it was not filed within 10 days of October 25, 1976, as required by Rule 86 TRCP. Plaintiff responded to such motion that no plea of privilege "has been filed by KRAVCO, Inc., the defendant upon whom service was made", and "since there is no proper plea of privilege on file herein, the 10 day rule is inapplicable".

On May 19, 1978 the trial court overruled the plea of privilege.

Appellant appeals on 4 points contending: the trial court erred in overruling the plea of privilege and not transferring the case to Tarrant County because:

1) Plaintiff did not timely file his controverting plea.

2) Plaintiff did not plead and prove good cause for failure to timely file his controverting plea.

There is evidence: "M. A. KRAVITZ Company, Inc." is a Pennsylvania Corporation, incorporated in 1959, with address at 160 King of Prussia Plaza, King of Prussia, Pennsylvania; that it had a certificate of authority to do business in Texas since October 1974; that in November 1974 it filed an assumed name affidavit that it conducts business in Tarrant County, Texas under the name of "KRAVCO, Inc."; that there is a "KRAVCO, Inc." which is a Pennsylvania Corporation incorporated in 1972, with address at 160 King of Prussia Plaza, King of Prussia, Pennsylvania; that on April 15, 1977 "M. A. KRAVITZ Company, Inc." changed its name in Pennsylvania to "KRAVCO, Inc." and on that same day "KRAVCO, Inc." changed its name to "M. A. KRAVITZ Company, Inc."; that "KRAVCO, Inc." (formerly M. A. Kravitz Company, Inc.) filed its name change in Texas with the Secretary of State on June 20, 1977.

Admissions answered by appellant reflect that the answer in this case was filed by "M. A. Kravitz Company, Inc. d/b/a Kravco, Inc., in Tarrant County, Texas"; and that Kravco, Inc. (that was incorporated in 1972) had not filed answer in this case.

It is thus conclusively established that "KRAVCO, Inc." (incorporated in 1972) which was sued in this case, filed no plea of privilege, but that the plea of privilege on file was filed by "M. A. Kravitz Company, Inc." (incorporated in 1959). The change (or exchange) of names of the two corporations occurred April 15, 1977, which was long after all rights and liabilities had accrued in this case.

1. Appellant in response to request 6 whether "Kravco, Inc." (incorporated in 1972) had filed an answer; responded "Defendant admits that

 A plea of privilege is a personal right which a party alone can assert or waive. *Edwards v. Pearson,* Tex.Civ.App. (Amarillo) NWH, 17 S.W.2d 140; and no one can impose it for another. *Elliff v. Boswell,* Tex.Civ.App. (San Antonio) NWH, 25 S.W.2d 268; *Southport Petroleum Co. v. Carter,* 139 Tex. 661, 165 S.W.2d 85; 59 Tex.Jur.2d 569.

Since the defendant which was sued, i. e., "KRAVCO, Inc.", and which the record reflects was served,[1] did not file a plea of privilege, there is no plea of privilege on file for the defendant "KRAVCO, Inc.", and the instrument called "Plea of Privilege of KRAVCO, Inc. defendant", which was admittedly filed by another distinct corporation, i. e., "M. A. Kravitz Company, Inc." which was not sued, is a nullity.

Appellant's points are overruled.

AFFIRMED.

'Kravco, Inc.' has not been served or answered herein". As noted the officer's return reflects "Kravco, Inc." was properly served.