Joseph F. CORPENING, Individually and as Executor et al., Petitioner,

v.

A. V. CORPENING, III et al., Respondents.

No. C–44.

Supreme Court of Texas.

April 1, 1981.

Rehearing Denied May 6, 1981.

Watson, Ice & McGee, Noel C. Ice, Fort Worth, Jennings, Montgomery, Dies & Turner, Elton Montgomery, Graham, for petitioner.

McDonald, Sanders, Ginsburg, Phillips, Maddox & Newkirk, Robert D. Maddox and Robert S. Newkirk, Fort Worth, for respondents.

CAMPBELL, Justice.

This is a venue case. The trial court overruled the plea of privilege of Defendant, Joseph F. Corpening, individually and in his capacity as Executor and Trustee.

The Court of Civil Appeals dismissed the appeal. 608 S.W.2d 329. We reverse the judgment of the Court of Civil Appeals and remand the cause to that court for further proceedings.

A. V. Corpening et al. filed this suit on February 20, 1979. The Trustee filed an answer on March 27 and then filed a plea of privilege on June 16, 1980. After filing the answer and before filing the plea of privilege, the Trustee, through his attorneys, made appearances at hearings and approved nine orders of the trial court. Corpening et al. sought to have the late filed plea of privilege stricken. The trial court refused and held a venue hearing. The Trustee's plea of privilege was overruled.

The Trustee perfected an appeal to the Court of Civil Appeals. Corpening et al. moved to have the appeal dismissed on the ground the Trustee had waived the plea of privilege for failure to timely file it. The Court of Civil Appeals dismissed the appeal without oral argument. The court stated:

> Where such a question is posed by motion to dismiss, we perceive no occasion to permit the case to remain on our docket as one to be tested as an ordinary appeal. It is apparent then when there is a waiver, there is no need.... [T]he very right to present a question ... on change of venue has been waived [so] we deem appropriate an order dismissing the appeal, summarily issued.

We disagree that an appeal from the order overruling a plea of privilege may be summarily dismissed. Article 2008 provides "Either party may appeal from the judgment sustaining or overruling the plea of privilege...." This Article is not discretionary. A defendant has the right to a timely appeal from an order overruling a plea of privilege. *Southport Petroleum Co. v. Carter*, 139 Tex. 661, 165 S.W.2d 85 (1942); *Reed v. Garlington*, 233 S.W.2d 185 (Tex.Civ.App.—Eastland 1950, no writ).

The judgment of the Court of Civil Appeals is reversed and the cause is remanded to that court for further proceedings consistent with this opinion.