**SUN OIL CO., Appellant,**

**v.**

**HIGH PLAINS UNDERGROUND WATER CONSERVATION DISTRICT**

**NO. I, Appellee.**

**No. 7687.**

Court of Civil Appeals of Texas.

Amarillo.

Feb. 26, 1968.

Rehearing Denied April 8, 1968.

Charles F. Heidrick and E. M. Cage, Dallas, Stubbeman, McRea, Sealy & Laughlin, W. B. Browder, Jr., James G. Noland and Gene L. Jameson, Midland, for appellant.

Nelson, McCleskey & Harriger, and Don Graf, Lubbock, for appellee.

CHAPMAN, Justice.

This opinion is in lieu of our opinion announced March 6, 1967.

Sun Oil Co. brought suit in Hockley County by petition filed on October 27, 1965, against Earnest Whitaker and Doyle Henderson for temporary and permanent injunction to restrain the defendants from interfering with the exercise by Sun of rights it claimed to the free use of fresh water from the Ogallala formation for the purpose of injecting it into the San Andres oil formation to effect secondary recovery of oil under an oil and gas lease executed by Whitaker's predecessor in title.

Chronologically, the case leading up to this appeal developed substantially as follows:

On November 30, 1965, the High Plains Underground Water Conservation District

No. 1 filed its plea in intervention in the controversy between Sun and Whitaker. On December 13, 1965, Sun filed its plea of privilege to the plea in intervention, asserting its right, as against intervenor, to be sued in Dallas County, its residence in Texas. A motion to strike the intervention was filed on the same day, as was Sun's answer to the plea in intervention, subject to its plea of privilege and motion to strike. The plea of privilege was controverted by affidavit filed on December 20, 1965, urging Subdivisions 4, 5, 27 and 29a as exceptions to Art. 1995.[1]

On April 5, 1966, Whitaker and Henderson filed their first amended answer, in which they allege the property was within the boundary and confines of the High Plains Underground Water Conservation District No. 1 and Sun was not entitled to an injunction for the reason it had not complied with the rules and regulations of the water district. On the same day Whitaker filed a cross action againt the water district seeking to enjoin it from issuing Sun a permit to locate a well upon his property. Henderson has disclaimed in the case and will not be referred to hereafter.

On June 16, 1966, Whitaker filed a counterclaim against Sun asking for an injunction decreeing it has no right to use any of the Ogallala formation water for reinjection, secondary water flooding and pressuring purposes. On June 20, 1966, the water district filed its first amended controverting affidavit urging the hereinbefore named exceptions to exclusive venue and on the same day its amended plea in intervention seeking a declaration by the court that the use of underground water for flooding purposes constitutes "waste" as that term is defined in Art. 7880–3c(B) (6).

On June 21, 1966, Whitaker filed his first amended cross action in which he alleged the water company had breached its duty in failing to prevent "waste" under Art. 7880–3c. By his first supplemental answer Whitaker pleaded the purpose for which Sun contemplated using the fresh water constitutes "waste" within the definition of Art. 7880–3c. Then on July 5, 1966, the trial court entered its order overruling Sun's plea of privilege.

Though the trial court and this court construed the oil and gas lease under which Sun seeks the use of water from the Ogallala formation for secondary oil recovery in the temporary injunction hearing and the Supreme Court of Texas affirmed both courts, it held the basic issue to be tried is the probable right of Sun to permanent injunctive relief which could not be disposed of in a piecemeal trial,[2] noting in its opinion that the parties sought by written agreement to eliminate in the temporary injunction proceeding all issues raised by the water district's pleading and one of the defenses raised by Whitaker's answer, i. e., those issues "concerning or relative to 'waste' or 'escape' of underground water from one underground reservoir to any other reservoir as mentioned, provided or defined in Article 7880–3c A (6) (c) or said Article 7880–3c D (4) (c)," or "concerning or relative to the clause 'for any other purpose' as mentioned or provided in said Article 7880–3c D (3)."

In its reasoning furnishing the basis for its conclusion that it could not decide the principal question in the appeal from the temporary injunction the Supreme Court stated, "Whitaker pleaded * * * Sun's proposed use of water is prohibited by statute. The trial court permitted the water district to intervene by overruling Sun's motion to strike the plea in intervention. The water district's pleading also asserts that Sun's proposed use of the water is prohibited by statute as well as by its rules. If we assume that Sun's interpretation of the lease is correct, Sun would yet not be entitled to a permanent injunction to protect it from interference with its water flooding program if its proposed use of the water

1. All article references are to Vernon's Texas Civil Statutes.

2. Sun Oil Company v. Whitaker, Tex., 424 S.W.2d 216.

is prohibited by statute. With the latter issue stipulated out of this trial and appeal, we are not at liberty to determine the merits of the issue; * * *."

"If we should hold that under a proper interpretation of its lease Sun has a legal right to free use of all water from the Ogallala formation reasonably necessary for production of the oil underlying the land * * * and leave the statutory waste issue undetermined, as we are required to do, our decision could well be nothing more than an advisory opinion."

We are completely without authority to hold that the water company discharged the burden incumbent upon it under any of the exceptions pleaded to Art. 1995.

"The dominant purpose of our venue statutes is to give a person who has been sued the right to defend such suit in the county of his residence, except under well-defined exceptions." A. H. Belo Corporation v. Blanton, 133 Tex. 391, 129 S.W.2d 619 (1939); Meredith v. McClendon, 130 Tex. 527, 111 S.W.2d 1062 (1938); Newlin v. Smith, 136 Tex. 260, 150 S.W.2d 233 (1941); City of Mineral Wells v. McDonald, 141 Tex. 113, 170 S.W.2d 466 (1943); Burtis v. Butler Bros., 148 Tex. 543, 226 S.W.2d 825 (1950).

■ The Supreme Court of Texas has consistently held that to deprive a defendant of the right of trial in the county of his domicile the burden rests upon the party opposing to allege and prove, if defendant asserts his privilege, that the case comes within the particular exception or exceptions. A. H. Belo Corporation v. Blanton, supra; Meredith v. McClendon, supra; Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91 (1935); Newlin v. Smith, supra; City of Mineral Wells v. McDonald, supra; Burtis v. Butler Bros., supra.

"A plea of privilege in the prescribed form is prima facie proof of defendant's right to change of venue. It is then incumbent upon plaintiff (intervenor here),[3] having filed the proper controverting plea to establish by competent evidence all facts essential to maintenance of the (intervenor's) action in the county where it is brought." 60 Tex.Jur. 2d, Venue, Sec. 203, pp. 41–42 and many cases cited under Footnote 20. "* * * neither the allegations in the petition nor those of the controverting plea may be considered as evidence of the truth thereof. Indeed, the controverting plea is not proof of anything; it merely entitles the plaintiff (intervenor) to make proof of the facts therein alleged." 60 Tex.Jur.2d, Venue, Sec. 202, p. 40 and cases cited under Footnotes 13 and 14.

No evidence whatever having been offered by intervenor, the prima facie right to change of venue acquired by Sun's filing of its plea of privilege was not overcome by evidence introduced.

■ We have no authority in this action to interpret the "free water" clause. Neither can we pass upon the water company's right to intervene. No final order having been entered in the case, the intervention question is not such a final judgment as will authorize an appeal. "Under the general rule that a final judgment is one that disposes of all issues and parties in the case, a judgment which fails to dispose of all issues between the original parties and an intervenor, is not appealable." Kimmel v. Lytton, 371 S.W.2d 927 (Tex.Civ.App.—Waco, 1963, writ refused).

None of the parties have cited a case in which an appellate court has passed on the venue question where a defendant sued by an intervening party has asserted a plea of privilege. Indeed, we believe there is none in Texas.

Appellee's contention that its controverting plea must be sustained to avoid multiplicity of suits has little force in view of our Supreme Court holding in Union Bus Lines v. Byrd, 142 Tex. 257, 177 S.W.2d 774.

3. Parenthetical statements are ours.

Therefore, if the intervenor's alleged rights must be tried simultaneously with the principal issue, i. e., the construction of the "free use of oil, gas, coal, wood and water" clause in the original suit, we have no alternative except to hold that in view of the intervention, cross actions and counterclaims involving essentially the same subject matter, that Sun is not entitled to its plea of privilege. Accordingly, we hold that Sun, having instituted the suit in Hockley County, submitted itself to the jurisdiction of the court where the suit was filed as to all matters arising out of or incidental to the subject matter of the suit, and thereby waived its right to be sued in the county of its domicile in an intervention arising out of such cause of action. Not in an intervention, but in a cross action our Supreme Court so held. Zachry v. Robertson, 147 Tex. 307, 214 S.W.2d 949 (1948). Judgment of the trial court is affirmed.