**CITY OF ORANGE et al., Appellants,**

v.

**STATE of Texas ex rel. CITY OF PORT ARTHUR, Appellees.**

**No. 7135.**

Court of Civil Appeals of Texas, Beaumont.

Feb. 5, 1970.

Rehearing Denied Feb. 26, 1970.

---

Davit A. Dunn, City Atty., Orange, Head & Kendrick, Corpus Christi, for appellants.

Black & Black, Port Arthur, W. C. Lindsey, Jr., Dist. Atty., Beaumont, George Wikoff, City Atty., Port Arthur, for appellees.

PER CURIAM.

This is an appeal from an order sustaining a motion to strike a plea of privilege. The appellants are the City of Orange, a municipal corporation domiciled in Oran . County and its mayor and city councilmen sued in their official capacities (hereinafter called "Orange"). Because of the involved nature of the proceedings, a rather detailed statement of the facts underlying the controversy must be set out.

## CHRONOLOGY

On June 9, 1961, the State of Texas, by and through the Acting Criminal District Attorney of Jefferson County, Texas, upon relation of Orange, presented its original information in the nature of quo warranto challenging the validity of an annexation ordinance of the City of Port Neches, a municipal corporation domiciled in Jefferson County (hereinafter called "Port Neches"). This was Cause No. B–77678 upon the docket of the 60th District Court of Jefferson County, Texas. The trial judge granted leave to file the information.

In this suit the Relator, Orange, alleged that Port Neches had adopted on first reading on *May 16, 1961,* à certain ordinance purporting to annex territory to Port Neches which included territory previously annexed to Orange by its ordinance adopted on *August 9, 1960.*

In due time, Port Neches answered with a plea in abatement contending in effect

that the City of Port Arthur, also a municipal corporation domiciled in Jefferson County, Texas (hereinafter called "Port Arthur") was an indispensable party since it, too, was claiming a part of the territory described in both the Orange and Port Neches Ordinances to be a part of the City of Port Arthur. Subject to the plea, Port Neches contended that its ordinance of May 16, 1961 was valid and that of Orange was invalid. The plea in abatement was not acted upon.

Shortly after the institution of Cause No. B–77678 by the State on relation of Orange, another suit was filed by the State of Texas against Port Neches, this time upon relation of Port Arthur. In this second suit, No. B–77690, as reflected in an agreed order found in our record applicable to both causes, the contention was made that the Port Neches Ordinance involved in *both* suits conflicted with Port Arthur Ordinances *Nos. 324, 1692, and 2540.* The pleadings in this cause are not in our record.

On August 31, 1961, an agreed order was entered in both of the pending suits wherein it was stipulated, with the approval of the court, that none of the respective cities would take further action upon their respective ordinances pending a final determination of the two suits. The ordinances mentioned were as follows: *Orange* Ordinances dated *August 9, 1960* and *May 18, 1961; Port Neches* Ordinance dated *May 16, 1961;* and *Port Arthur* Ordinances *Nos. 324, 1692 and 2540.* Counsel for each of the three cities approved the entry of the joint order.

Thereafter, on October 31, 1962, a final judgment was entered in the Port Arthur-Port Neches suit (No. B–77690) without any record showing of a participation therein by Orange. This judgment upheld the validity of Port Arthur's Ordinances as against Port Neches save as to certain specific areas which were apparently not within the area claimed by the Orange Or-

dinances to be within that city. There are, however, two significant adjudications in this final judgment: (1) Port Arthur's Ordinance *No. 324,* except as to the specific territory carved out in favor of Port Neches, was declared to be valid and vested exclusive jurisdiction over the territory remaining therein in Port Arthur "to the exclusion of all other municipal authorities in the State of Texas;" and (2) the Port Neches Ordinance passed on first reading on *May 16, 1961* "is null and void, and of no force and effect." This judgment was approved by counsel for the respective cities of Port Neches and Port Arthur *and* the Criminal District Attorney of Jefferson County, Texas, appearing on behalf of the State.

Immediately thereafter, the prior order of August 31, 1960, maintaining the status quo in both of the suits was "dissolved insofar as it pertains to the territory involved in the aforementioned controversy between the City of Port Arthur and the City of Port Neches, but is continued in full force and effect insofar as it relates to the territory involved in the controversy between the City of Orange and the City of Port Neches." Again, we note that Orange did not appear to have been advised or consulted about the entry of this order.

Our record does not show that any action was taken in the original suit between Orange and Port Neches (No. B–77678) until June 17, 1969, when the State of Texas, acting by and through the Criminal District Attorney of Jefferson County, Texas, upon the relation of Port Arthur, presented to the judge of the 60th District Court of Jefferson County (where Cause No. B–77678 was then pending) a motion for leave to file "an original information in intervention attached hereto in the nature of a quo warranto and requests leave to file the same against the Respondent, City of Orange (originally, Relator), upon the grounds, etc. * * *" Leave was granted, ex parte insofar as our record

shows, and the information in intervention was filed in Cause No. B–77678. This suit named as respondents not only Orange, but also its mayor and city councilmen, in their respective official capacities. We note that the individual officials of Orange were not parties to the proceeding prior to the filing of the intervention.

In due time, Orange and its officials filed a plea of privilege in proper form to be sued in Orange County, the domicile of the City of Orange and the legal residence of its officials. Likewise, in due time, the State of Texas, acting by the Criminal District Attorney of Jefferson County, and Port Arthur filed what it denominated a controverting plea, but which was, in reality, a motion to strike the plea of privilege filed by Orange and its officials. Following a hearing upon the motion to strike the plea of privilege, the court entered an order sustaining the motion to strike and ordered that the plea of privilege be stricken.

In the meanwhile, following the filing of the plea of privilege and before the hearing on the motion to strike the plea, Port Neches filed an amended answer and cross-action in No. B–77678, contending that the Orange Ordinances of *August 9, 1960 and May 18, 1961* (the very ordinances put in issue by Orange's original suit and the same ones attacked by Port Arthur's intervention) were void and of no effect. Port Neches sought in its cross-action a declaratory judgment that the two Orange Ordinances were invalid and that Port Neches had exclusive extraterritorial jurisdiction for a distance of one mile from its corporate boundary along the south bank of the Neches River in accordance with Article 970a, Sec. 3, subd. A(2), Vernon's Ann.Tex.Civ.St., enacted long after the original litigation was commenced in 1961.

It does not appear that Orange filed any responsive pleading to this cross-action nor does it appear that the cross-action of Port Neches precipitated any action by the court. Instead, the court entered the order striking Orange's plea of privilege, as noted above.

The respondents (City of Orange and its officials) excepted and gave notice of appeal and made a cash deposit in lieu of an appeal bond, utilizing the procedure under Rule 354.

## JURISDICTIONAL QUESTIONS

There are two questions affecting our jurisdiction, one of which is raised by the parties (No. 1, discussed hereinafter) and one raised by the court upon oral submission (No. 2, infra).

*No. 1:* Does an appeal lie from an order of the trial court striking from the record a plea of privilege and refusing to enter an order either sustaining or overruling the plea of privilege?

*No. 2:* May Orange, an original Relator in a quo warranto proceeding instituted by the State, which now occupies the position of a respondent in an intervention filed by the State on relation of Port Arthur, appeal from an order striking its plea of privilege without being joined by the State in the appeal?

1. *The appealable judgment* question is best answered by the opinion in Gulf Refining Co. v. Needham, 233 S.W.2d 919, 922 (Eastland Civ.App., 1950, no writ), wherein the trial court dismissed the defendant's plea of privilege upon the ground that the defendant had urged the trial court to quash the citation before filing its plea of privilege. The ruling, as applicable here, was in these words:

> "Although the order appealed from does not use the word 'overruled' it effectually and finally disposed of the plea of privilege and in our opinion, had the effect of overruling such plea."

See also, Southport Petroleum Co. v. Carter, 139 Tex. 661, 165 S.W.2d 85 (1942);

and Reed v. Garlington, 233 S.W.2d 185 (Eastland Civ.App., 1950, no writ). In the latter case (233 S.W.2d at 186), the court said:

"Giving effect to substance rather than form, appellant's plea of privilege was overruled because the court found he had waived the right to assert such privilege by previously answering to the merits."

■ We hold that the order from which the appeal is taken is an appealable order under Article 2008, V.A.C.S.

2. *Non-Joinder of the State in the Appeal*: Acting under the authority conferred by Article 6253, V.A.C.S., the State of Texas, upon relation of Orange, invoked the jurisdiction of the District Court of Jefferson County, Texas. The State was represented by its counsel and the suit was filed in the "proper county," namely, the domicile of the original respondent, Port Neches. City of Grand Prairie v. State ex rel. Crouch, 266 S.W.2d 184, 187 (Fort Worth Civ.App., 1954, no writ); City of Stamford v. Ballard, 162 Tex. 22, 344 S. W.2d 861 (1961). See also Denison v. State, 61 S.W.2d 1017, 1019, error refused Denison v. State ex rel. Allred, 122 Tex. 459, 61 S.W.2d 1022 (1933).

It has been said [McAllen v. Rhodes, 65 Tex. 348, 352 (1886)] that "the relator in a quo warranto proceeding is the real plaintiff, and the position of the state is that of a nominal party." The more modern cases, however, follow a different trend. In McFarlin v. State ex rel. Barnard, 272 S. W.2d 630, 632 (Waco Civ.App., 1954, error ref. n.r.e.), it was held that private counsel employed by the relator may conduct the litigation on behalf of the State, but only with the consent of the State's attorney.

The rule applicable is laid down by Justice Garwood in State ex rel. Bennett v. Clarendon Independent School District, 156 Tex. 542, 298 S.W.2d 111, 118 (1957), in this language:

"* * * it is clearly also the law in this state that, once the proceeding has been filed, the representative of the State has control of its prosecution. Staples v. State ex rel. King, 112 Tex. 61, 245 S. W. 639; State ex rel. Steele v. Heath, Tex.Civ.App., 44 S.W.2d 398, writ of error refused. In the Steele case it was held that the representative of the state could, and did, defeat an appeal from a judgment against the relators by not joining in such appeal, although the individual relators contended that they became parties in their own right, once the suit was filed, and accordingly could appeal on their own account."

Clearly the *Steele Case* cited above would deprive this court of jurisdiction to hear this appeal had the judgment gone against Orange on its *original suit where it was* relator. Having control of the prosecution of the suit, State's counsel could frustrate an attempted appeal by Orange by the simple expedient of not joining therein.

But, that is not our situation here. Orange, at the time of the filing of its plea of privilege, occupied a dual status—it was both a relator and a respondent. The State, by the same token, was a plaintiff on two sides of the lawsuit.

■ While our determination of this question does not affect the judgment which we enter, as is shown hereinafter, we are unwilling to hold that because Orange, as a relator, brought suit in the only county which was a "proper county," to determine the invalidity of the Port Neches Ordinance, it was forever bound to litigate as against all comers all questions pertaining to its boundaries in that foreign forum. None of the cases which have come to our attention, including all of the ones cited heretofore, *require* such a determination.

Instead, as an original proposition, we hold that Orange had a legal right to appeal from an adverse judgment against it,

without joinder by the State, when it occupied the posture of a defendant in the trial court. Unless Orange has waived its right to be sued in the county of its domicile, or unless the presence of Orange in the suit which it commenced is necessary for a proper determination of the merits of that cause, we are of the opinion that it has the right to appeal from the interlocutory order without joinder of the State.

We answer our second jurisdictional question in the affirmative, and turn to a consideration of the merits of the appeal.

Orange voluntarily invoked the jurisdiction of the District Court of Jefferson County and in so doing, tendered the issue of the validity of its ordinance fixing its boundaries. Since the State was interested in having the matter finally disposed of in such a manner as to put an end to a dispute inimicable to the public interest, it joined in the proceeding. Orange, consequently, cannot now urge successfully its plea of privilege. Anderson, Clayton & Co. v. State ex rel. Allred, 122 Tex. 530, 62 S.W.2d 107, 110 (1933).

The rule is enunciated in Zachry v. Robertson, 147 Tex. 307, 214 S.W.2d 949, 952 (1948):

"When the plaintiff [Orange in our case] instituted this suit in Tarrant County he submitted himself to the jurisdiction of the District Court of Tarrant County as to all matters arising out of or incidental to the subject matter of the suit, and thereby waived his right to be sued in the county of his domicile in a cross-action arising out of such cause of action. Bailey v. Federal Supply Co., Tex.Com.App., 287 S.W. 1090; Mumme v. Spies, Tex.Civ.App., 15 S.W.2d 137."

The case most nearly in point which we have found or which has been called to our attention is Sun Oil Co. v. High Plains Underground Water Conservation Dist., 426 S.W.2d 347 (Amarillo Civ.App., 1968, no writ). There Sun sought an injunction in Hockley County against Whitaker, et al, and within a short time, High Plains Underground Water Conservation District (hereinafter called "District") intervened therein. Sun then filed its plea of privilege to the intervention, claiming the right to be sued in Dallas County. The plea was controverted. Subsequently, Whitaker filed an amended answer and a cross-action against Sun, following which District filed its amended controverting plea to Sun's plea of privilege. It was then that Whitaker sought relief against District. In this posture of the case, the trial court overruled the plea of privilege.*

The Amarillo Court affirmed the order overruling the plea of privilege, the holding being as follows:

"Therefore, if the intervenor's alleged rights must be tried simultaneously with the principal issue, i.e., the construction of the 'free use of oil, gas, coal, wood and water' clause in the original suit, we have no alternative except to hold that in view of the intervention, cross actions and counterclaims involving essentially the same subject matter, that Sun is not entitled to its plea of privilege. Accordingly, we hold that Sun, having instituted the suit in Hockley County, submitted itself to the jurisdiction of the court where the suit was filed as to all matters arising out of or incidental to the subject matter of the suit, and thereby waived its right to be sued in the county of its domicile in an intervention arising out of such cause of

---

* The injunction feature of the case reached the Supreme Court in Sun Oil Co. v. Whitaker, 424 S.W.2d 216 (1968), but the decision is not helpful in solving our problem.

action. Not in an intervention, but in a cross action our Supreme Court so held. Zachry v. Robertson, 147 Tex. 307, 214 S.W.2d 949 (1948)."

The several ordinances of the three cities all involve, at least in part, the same land. It is necessary, in order to procure a final determination of the matter—which city has the lawful municipal jurisdiction over the land involved—the disputes should be tried simultaneously so that one judgment entered in a case to which the State is a party will preclude all future disputes inimicable to the public interest. The several claims and counterclaims all involve essentially the same subject matter.

■ Accordingly, we hold that Orange, having instituted the suit in Jefferson County, Texas, submitted itself to the jurisdiction of the court where the suit was filed as to all matters arising out of or incidental to the subject matter of the suit, and thereby waived its right to be sued in the county of its domicile in an intervention arising out of such cause of action. *Whitaker*, supra.

■ Furthermore, we have commented upon the fact that on August 31, 1961, Orange joined in the entry of an agreed order, the effect of which was to prevent Port Neches from taking any additional steps in the adoption of its ordinances which were challenged by Orange. This order was still in effect at the time Port Arthur filed its intervention. Thus, Orange waived its right to insist upon its plea of privilege to be sued in the county of its domicile. Crosby v. Heldt Bros. Trucks, 394 S.W.2d 235, 237 (San Antonio Civ. App., 1965, no writ), and cases therein cited.

The judgment of the trial court is in all things affirmed.