Luther MAY, Jr., Appellant,

v.

E. M. LITTLE et al., Appellees.

No. 6182.

Court of Civil Appeals of Texas, El Paso.

Nov. 3, 1971.

Rehearing Denied Dec. 8, 1971.

Jennings, Montgomery & Dies, Elton M. Montgomery, Graham, for appellant.

Legg, Saxe & Baskin, Reagan H. Legg, William B. Smith, Midland, for appellees.

## OPINION

RAMSEY, Chief Justice.

This cause of action was brought by Luther May, Jr., Plaintiff-Appellant, against E. M. Little, Defendant-Appellee. Elouise May, the ex-wife of Plaintiff, filed a Petition in Intervention. Trial was to a jury. At the conclusion of Plaintiff's case, the trial Court granted Defendant's and Intervenor's motion, withdrew the case from the jury, and entered judgment for the Defendant and Intervenor. We affirm.

Plaintiff's first three points of error complain that the trial Court erred in failing to grant Plaintiff's motion to strike the Petition in Intervention and in overruling Plaintiff's Plea of Privilege.

Rule 60, Texas Rules Civil Procedure provides that any party may intervene, subject to being stricken by the Court for sufficient cause. The propriety of permitting intervention is largely in the discretion of the trial Court. Roberson v. Roberson, 420 S.W.2d 495 (Ref. n.r.e.); Jones v. English, 235 S.W.2d 238 (dis.). In the absence of a showing of abuse of discretion, the decision of the trial Court will not be disturbed on appeal. We find no abuse of discretion.

Venue as between the Intervenor and the original parties depends on the venue of the original cause of action. Mc-Donald Texas Civil Practice, Vol. 1, Sec. 3.49, p. 399. Plaintiff having instituted his suit in Midland County submits himself to the jurisdiction of that Court as to all matters arising out of or incidental to the sub-

ject matter of the suit. Intervenor's prayer for relief is against "all other parties", not merely seeking recovery from Plaintiff. We hold that Plaintiff has waived his right to be sued in the County of his residence where an intervention arises out of an action initiated by him. Sun Oil Co. v. High Plains Underground Water Conservation District, 426 S.W.2d 347 (n.w.h.).

Plaintiff's suit is to recover profits from an alleged oral agreement involving land. Plaintiff alleges a confidential or fiduciary relation existed between him and the Defendant. Defendant answered denying any agreement, asserting that such alleged agreement would be barred and defeated by the Texas Trust Act, Art. 7425b, Sec. 7, Vernon's Ann.Civ.St.; and the Statute of Frauds, Art. 3995, V.A.T.C.S., and by the Statute of Conveyances, Art. 1288, V.A. T.C.S. It is apparent that any recovery for Plaintiff must be on a theory of a constructive trust. Since a constructive trust can arise under such a variety of situations, depending on the facts, it will be necessary to discuss the circumstances surrounding the property acquisition.

Defendant was an automobile dealer and Plaintiff was a banker. Defendant did business with Plaintiff's bank, assigning automobile purchase contracts to the bank, some being with recourse. Plaintiff worked at the installment loan desk of the bank. In 1958, the parties arranged for Plaintiff, after banking hours, to assist in collecting delinquent contracts which the bank had charged back to the Defendant. This arrangement was apparently successful and satisfactory to both parties since Defendant would thereby recoup some of his potential losses and Plaintiff was compensated for his services. The money collected was placed in an account in the bank, designated as "Goodrich Sales Account", which was an account the Defendant used for a variety of purposes. Defendant was the only authorized person who could withdraw from this account. Defendant would make withdrawals and pay the Plaintiff for his services in cash.

Plaintiff was a veteran and entitled to the benefits afforded through the Veteran's Land Board of the State of Texas. In 1960, a twenty (20) acre tract of land was purchased through the Defendant's negotiations and the contract placed in Plaintiff's name. Defendant made the annual payments required under the contract to the Veteran's Land Board through 1965. Plaintiff acknowledges that Defendant and Intervenor are owners of interests in the twenty (20) acre tract. In fact, Plaintiff made an accounting of the expenditures and income from this tract which accounts for the sums awarded to Defendant and Intervenor in the Court's judgment. There appears to be no dispute as to the ownership of the twenty (20) acre tract.

Plaintiff also testified that the parties had been engaged in a chicken operation consisting of about one-hundred (100) chickens, a few head of cattle resulting in a profit of $15.00 or $20.00, and had owned a Jeep together. Defendant acknowledged the chicken operation only.

Plaintiff testified that in January of 1960, he and Defendant and one Al German, were to acquire the one-hundred-thirty-three (133) acre tract whereby each would own a one-third interest. This original deal fell through. The land involved had been under grazing lease to the Defendant since 1955. In May of 1960, Defendant entered into an agreement with the owners of the 133 acre tract. The down payment on the land was borrowed from a bank by the Defendant and paid by him. Plaintiff contends that the parties agreed that the land would be subdivided and sold, and at the end, after the land was paid for, the Plaintiff would then receive his share of the profits. In the meantime, that is from 1960 until 1970, when this suit was tried, Defendant handled all negotiations in acquiring the land, had made the payments on the land, had subdivided and sold portions of it, had developed the land by building houses and selling them and had paid all taxes and expenses incident to the operation. Plaintiff, by his own testimony,

acknowledged that he had not invested any money in the project and was not liable or responsible for any of the indebtedness or expenses either in the acquisition or development of the property. No income from sales was shown on Plaintiff's income tax returns. The only activity in which Plaintiff testified he participated was that he helped clean up some around some of the construction jobs, operated a maintainer a little bit, and told some people about the project. Plaintiff did not sell any of the lots.

About 1965, Plaintiff and Intervenor were involved in a divorce. Thy made a division of their community property interests. Plaintiff filed a sworn inventory and appraisement of "all" community property owned by them. The 20 acre tract, without showing Defendant's one-half interest, was described in the inventory. The 133 acre tract was not. Plaintiff excused his failure to include the 133 acre tract in the inventory, or the one-half ownership of the Defendant in the 20 acre tract, on the advice of his attorney since these were oral agreements.

The testimony of Plaintiff and Defendant are in sharp conflict. Plaintiff alleging an agreement and the Defendant denying it.

A constructive trust is merely an equitable remedial concept imposed by law to prevent unjust enrichment resulting from unconscionable conduct. It may be imposed where actual fraud is apparent or where the conduct of one is so violative of good conscience which equity may deem to be constructive fraud. Fraud, either actual or constructive, is a basic essential element before constructive trust should be imposed. Rogers v. Winn, 329 S.W.2d 319 (Ref., n. r. e.); Nichols v. Acers Company, 415 S.W.2d 683 (Ref., n. r. e.); Trustees of the Casa View Assembly of God Church v. Williams, 414 S.W.2d 697 (n.w. h.) A breach of a fiduciary obligation may also give rise to a constructive trust as constituting constructive fraud. Fitz-Gerald v. Hull, 150 Tex. 39, 237 S.W.2d 256 (1951); 21 Baylor Law Review, p. 59.

In considering the record, it is the duty of this Court to view the evidence in the light most favorable to the Plaintiff and every reasonable intendment deducible from the evidence must be indulged in his favor. Fireman's Fund Insurance Co. v. Martinez, 387 S.W.2d 443 (ref. n. r. e.). In so doing, we are of the opinion that a relationship existed between the parties in that they were neighbors, close personal friends, and business associates in some of their activities. However, even though parties may establish a confidential relationship pertaining to some of their activities, this does not, in the absence of proof, extend to all activities in which they may be subsequently engaged. The bank account designated as the "Goodrich Sales Account" alleged by Plaintiff as being a joint account is clearly and conclusively shown by the evidence to be an account in the name of, and controlled by the Defendant. The account was used for depositing money from which the Plaintiff was paid his compensation for services, yet the account was used for numerous other purposes in the Defendant's business, completely foreign to the Plaintiff. There is an absence of proof of funds belonging to the Plaintiff being used either in the acquisition or development of the 133 acre tract.

It is also shown by the record that the Plaintiff did not list the 133 acre tract, or any equitable interest therein or to any proceeds as a part of his community property interest. Further, the Plaintiff admits that his ex-wife, the Intervenor, stated that she had no knowledge of any interest in the 133 acre tract in dispute. The Intervenor was aware of the 20 acre transaction. She would be entitled to the proceeds of the 133 acre tract to the same extent as the Plaintiff, yet no complaint is made by her of the trial Court's ruling.

Plaintiff relies principally on Gaines v. Hamman, 163 Tex. 618, 358 S.W.2d 557

**636**

(1962); Thigpen v. Locke, 363 S.W.2d 247 (Tex.Sup.Ct.1962); and Consolidated Gas and Equipment Co. of America v. Thompson, 405 S.W.2d 333 (Tex.Sup.Ct.1966). Plaintiff contends that under the holdings in these cases, that one prior confidential relationship having been established prior to the matter in issue suffices to show a confidential or fiduciary relationship existing between the parties. We do not construe the effect of the language of these decisions to be so encompassing. Prior relationships between the parties in their social and business affairs and their method of operations is certainly pertinent and is indicative of their subsequent dealings. Of equal importance are the facts and circumstances at the time of the questioned transaction and during its alleged existence.

As to the 20 acre tract, the admissions of the parties clearly prove the respective interests. Yet the Plaintiff, without the knowledge of the Defendant or Intervenor, undertook and did execute a sales contract to a third person. Defendant filed an affidavit of record asserting his interest in the 20 acre tract. The Plaintiff originally filed suit on the 20 acre tract, and later amended his pleadings alleging a 153 acre tract, thereby including the 133 acres involved in this litigation. In view of Plaintiff's admissions and the accounting submitted by the Plaintiff at the time of the trial, we overrule Plaintiff's Points of error pertaining to the 20 acre tract.

A constructive trust should be imposed with caution, otherwise, a result might be achieved for which the concept in equity was conceived to prevent. The proof of its existence may be established by parol evidence which emphasizes the need for caution. This view is expressed in Thigpen v. Locke, supra. In viewing the facts and circumstances relating to the 133 acre tract, it is uncontroverted that the Plaintiff contributed no funds, obligated himself for no indebtedness, and was not instrumental in the acquisition, development or sale of the land except as herein-

above shown. The Intervenor, who was Plaintiff's wife during approximately five years after the acquisition by the Defendant, apparently had no knowledge of the existence of the interest that the Plaintiff now asserts. We hold as a matter of law that the evidence is not sufficient to establish a constructive trust and overrule the remaining points of error asserted by the Plaintiff.

For the foregoing reasons, we affirm the judgment of the trial Court.