Marvin W. HURST, Appellant,

v.

Worth A. STEWART, Appellee.

No. 15433.

Court of Civil Appeals of Texas, San Antonio.

July 23, 1975.

Rehearing Denied Sept. 10, 1975.

Ben D. Sudderth, Sudderth, Woodley & Dudley, Comanche, for appellant.

Urban Farrow, Carrizo Springs, for appellee.

BARROW, Chief Justice.

Appellant has perfected his appeal from an order overruling his plea of privilege to be sued in Comanche County where he is domiciled. The sole question presented is whether appellant had submitted himself to the jurisdiction of the District Court of Dimmit County for appellee's plea in intervention by filing suit in that county.

On August 8, 1974, appellant filed suit in Dimmit County against the Citizens State Bank of Carrizo Springs seeking a declaratory judgment that he was the owner of 45 shares of capital stock in the bank together with all dividends declared on this stock after March 20, 1956. Bank filed an answer wherein it denied that appellant was the owner of said shares and pleaded affirmatively that these shares had been transferred by appellant to appellee, Worth A. Stewart, on November 27, 1962. Bank sought a judgment requiring appellant to surrender the two stock certificates evidencing these shares [1] and that appellant pay Bank's attorney fees in this cause. On August 26, 1974, appellee filed his petition in intervention in said cause wherein he asserted ownership to the shares of stock in question and sought a judgment ordering appellant to deliver to him the stock certificates plus damages for appellant's prior wrongful refusal to deliver same.

On September 3, 1974, appellant took a non-suit on his cause of action. On September 6, 1974, appellant filed his plea of privilege to remove to Comanche County the cause of action asserted in appellee's plea of intervention. The plea of privilege was

---

1. The two stock certificates are for fifteen shares; however, it is undisputed that Bank has split its capital stock three for one.

duly controverted by appellee and was overruled after a hearing before the court.

■ It is well settled that a party may waive his venue rights in several situations. One such situation, which is applicable here, is that by instituting suit in a county other than his residence, a plaintiff submits himself to the jurisdiction of that county as to all matters arising out of or incidental to the subject matter of his suit. *Zachry v. Robertson,* 147 Tex. 307, 214 S.W.2d 949 (1948); 1 McDonald, Texas Civil Practice, Section 4.40(II) (1965).

■ Under this rule, a plaintiff may not challenge the venue of a plea in intervention when an intervenor asserts a claim against the plaintiff which arises out of or is incidental to the subject matter of plaintiff's claim. *May v. Little,* 473 S.W.3d 632 (Tex.Civ.App., El Paso 1971, writ ref'd n. r. e.); *City of Orange v. State ex rel. City of Port Arthur,* 450 S.W.2d 722 (Tex.Civ.App., Beaumont 1970, no writ); *Sun Oil Company v. High Plains Underground Water Con. Dist.,* 426 S.W.2d 347 (Tex.Civ.App., Amarillo 1968, no writ).

■ Appellee's plea in intervention was directly related to the subject matter of appellant's suit. Appellant had sought a declaration that he was the owner of 45 shares of stock in Bank. Appellee claimed ownership of these shares and prayed that appellant be ordered to deliver the stock certificates to appellee. In addition, appellee asserted an affirmative plea for damages from appellant for wrongful withholding of the stock certificates. Appellant had voluntarily submitted himself to the jurisdiction of the Dimmit County District Court by filing his original petition there and may not successfully challenge the venue of appellee's plea in intervention which arose out of the subject matter of appellant's suit.

■ Nor was venue defeated by appellant's non-suit after the plea in intervention was filed. A plaintiff has the absolute right under Rule 164, Tex.R.Civ.P (1967), to take a non-suit of his action at any time before the decision is announced in a non-jury proceeding. However, once a claim for affirmative relief has been filed by an adverse party, plaintiff's right to move for dismissal is limited to his cause of action and the plea for affirmative relief is unaffected by the voluntary taking of the non-suit. *Smith v. State,* 388 S.W.2d 291 (Tex. Civ.App., Houston 1965, writ ref'd n. r. e.); 4 McDonald, Texas Civil Practice, Section 17.16.3 (1971). This rule has been expressly held applicable to a plea of intervention. *State v. Roberson,* 409 S.W.2d 872 (Tex.Civ. App., Tyler 1966, no writ).

The trial court did not err in overruling appellant's plea of privilege to the plea of intervention filed by appellee. The judgment is affirmed.