**BUZZINI DRILLING COMPANY,**
**Appellant,**

v.

**Morris FUSELIER, Jr., Appellee.**

**No. 17075.**

Court of Civil Appeals of Texas,
Houston (1st Dist.).

Feb. 2, 1978.

Fulbright & Jaworski, Frank G. Jones, Houston, for appellant.

Jamail & Gano, Richard W. Mithoff, Jr., Houston, for appellee.

EVANS, Justice.

This is an appeal from an order granting the motion of appellee to strike the plea of privilege filed by appellant, Buzzini Drilling Company.

The appellee instituted this personal injury action against Dow Chemical Company and Buzzini Drilling Company. Buzzini filed a plea of privilege and, subject thereto, an answer to the appellee's petition. Appellee filed a controverting affidavit, but before action was taken on Buzzini's plea of privilege, Texas Employers' Insurance As-

sociation filed a petition in intervention. Buzzini then answered the petition in intervention, but it did not recite in the pleading that the answer was filed subject to its pending plea of privilege. The appellee thereafter filed a motion to strike Buzzini's plea of privilege, which the trial court granted, and Buzzini appeals.

The basic question before this court is whether Buzzini waived its plea of privilege by failure to allege in its answer to the petition in intervention that its response was filed subject to its pending plea of privilege.

■ A plea of privilege will be considered waived when the defendant takes some action prior to the venue hearing which is inconsistent with its position on the venue issue. An inconsistent action which results in a waiver is one which invokes the general jurisdiction of the court without reservation of the rights asserted in the plea of privilege. *Hickman v. Swain,* 106 Tex. 431, 167 S.W. 209, 210 (1914); *H. Molsen and Co. v. Williamson,* 510 S.W.2d 366 (Tex.Civ.App.—Dallas 1974, no writ).

It is the appellee's position that when Buzzini filed his answer in response to the petition in intervention, it submitted itself to the jurisdiction of the court for all purposes. In support of this position, appellee cites *Hurst v. Stewart,* 526 S.W.2d 668 (Tex. Civ.App.—San Antonio 1975, writ dism'd); *City of Orange v. State ex rel. City of Port Arthur,* 450 S.W.2d 722 (Tex.Civ.App.— Beaumont 1970, no writ); *Sun Oil Co. v. High Plains Underground Water Conservation Dist.,* 426 S.W.2d 347 (Tex.Civ.App.— Amarillo 1968, no writ).

■ All of the cases relied upon by the appellee stand for the proposition that a plaintiff who institutes an action in a particular county submits himself to the jurisdiction of the court with respect to all matters arising out of or incidental to the subject matter of the suit. Thus, a plaintiff who files suit in a particular county waives his right to be sued in the county of his residence with respect to an intervention arising out of the action he has initiated. *Sun Oil Co. v. High Plains Underground Water Conservation Dist.,* supra.

■ The situation in the present case is different from the factual circumstances in the cases relied upon by the appellee. Buzzini's action in filing an answer in response to the plea in intervention is not inconsistent with the venue position which it had previously taken by filing its plea of privilege. The intervention did not inject an independent cause of action into the case, and the intervenor expressly alleges that it is entitled to recovery if the plaintiff is entitled to recovery against the defendants. An intervenor takes the suit as he finds it. *Corzelius v. Cosby Producing and Royalty Co.,* 52 S.W.2d 270 (Tex.Civ.App.—Fort Worth 1932, no writ). As between the intervenor and the original parties to the action, venue of the intervention is dependent upon the venue of the original cause of action. *May v. Little,* 473 S.W.2d 632 (Tex. Civ.App.—El Paso 1971, writ ref'd n. r. e.).

At the time the petition in intervention was filed in the present suit, Buzzini's plea of privilege had been filed prior to any other plea and it was entitled to a hearing on the venue issue. By filing its answer in response to the plea in intervention, it did not invoke affirmative action of the trial court and its action was not inconsistent with an intention to insist on a hearing of its plea of privilege. *Talbert v. Miles,* 477 S.W.2d 710 (Tex.Civ.App.—Waco 1972, no writ); *Edgar v. Bartek,* 507 S.W.2d 831 (Tex.Civ.App.—Corpus Christi 1974, writ dism'd); *H. Molsen and Co. v. Williamson,* supra.

The judgment of the trial court is reversed and the cause is remanded for a hearing on the venue issue.